**Robert Lee RAMSEY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 15443.

United States Court of Appeals Ninth Circuit.

Oct. 9, 1957.

Robert L. Ramsey, Leavenworth, Kan., in pro. per.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Lloyd F. Dunn, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, Chief Judge, and BARNES and HAMLEY, Circuit Judges.

## PER CURIAM.

The legal questions raised by appellant were answered in detail, and determined adversely to appellant, in this Court's en banc decision in Strand v. Schmittroth, 9 Cir., —— F.2d —— (June 24, 1957).

Appellant in March 1950, was convicted in the State Courts of California of robbery, and sentenced to San Quentin for five years to life. He was thereafter paroled, and on January 5th, 1954, as appellant says it, "he deserted his parole." On February 5th, 1954, appellant was arrested by California authorities for parole violation, his parole suspended, and he was ordered back to prison.

Thereafter the United States Government took appellant into custody, charging him by indictment of robbing the United States' mails on January 13, 1954. Appellant plead not guilty, and was tried, convicted, and sentenced to seven and one-half years in the custody of the Attorney General. The State of California thereafter lodged a detainer, or "hold" on appellant.

Appellant, subsequent to the commencement of his Federal sentence, moved the lower court to vacate the judgment. This motion was denied, and appellant takes this appeal.

■■ Appellant has no standing to raise the question of comity between two sovereign states. He cannot urge priority of one over the other. Stamphill v. Johnston, 9 Cir., 1943, 136 F.2d 291, 292, certiorari denied 320 U.S. 766, 64 S.Ct. 70, 88 L.Ed. 457; Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607. "It is a matter of indifference to the criminal." Banks v. O'Grady, 8 Cir., 113 F.2d 926, 927. Strand v. Schmittroth, *supra*.

■ But were he in a position to raise the question, under the facts of this case it would avail him nothing. The record does not disclose that at any time in the Federal Court proceedings either the defendant or the State of California objected to the exercise of jurisdiction over the defendant by the Federal Courts. Appellant waived any objection to jurisdiction of the Federal Courts over him. Chapman v. Scott, D.C., 10 F.2d 156, affirmed, 2 Cir., 1926, 10 F.2d 690, certiorari denied 270 U.S. 657, 46 S.Ct. 354, 70 L.Ed. 784, Ford v. United States, 273 U.S. 593–606, 47 S.Ct. 531, 71 L.Ed. 793.

The State of California, not having objected to the claimed jurisdiction of the Federal Courts, is presumed to have consented. Stamphill v. Johnston, su-

534

pra; Rosenthal v. Hunter, 10 Cir., 1947, 164 F.2d 949, 950. Such consent is a perfectly legitimate exercise of sovereign power. Strand v. Schmittroth, supra.

The Federal Court had jurisdiction over the person of the defendant, and jurisdiction of the crime charged against him.

Judgment affirmed.