**Dewey William CARSON, Appellant,**

v.

**EXECUTIVE DIRECTOR, DEPARTMENT OF PAROLE, Appellee.**

**No. 6342.**

United States Court of Appeals
Tenth Circuit.

June 20, 1961.

Dewey William Carson, pro se.

Duke W. Dunbar, Frank E. Hickey and J. F. Brauer, Denver, Colo., on brief of appellee.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Appellant-plaintiff appeals from an order of the trial court dismissing his complaint for failure to state a claim upon which relief can be granted.

While an inmate of Leavenworth Penitentiary, serving a federal sentence, he brought this action to prevent a detainer being filed against him by defendant, Executive Director of the Colorado Department of Parole, for alleged violation of a previous state parole.

It is first argued that filing of the detainer is an impermissible encroachment upon federal jurisdiction which is exclusive until its processes have been exhausted. And secondly, that the detainer operates to unlawfully and prejudicially deprive him of certain rehabilitative privileges, such as parole, accorded by federal law.

■■ A prisoner may not, however, complain of the filing of a state detainer as a usurpation of federal jurisdiction over him, for "either the federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner, and * * the question of jurisdiction and custody is purely one of comity between the two sovereigns, not a personal right of the prisoner * * *." Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 866. See also Rosenthal v. Hunter, 10 Cir., 164 F.2d

949; Ramsey v. United States, 9 Cir., 248 F.2d 532. And this is so even though the detainer results in his ineligibility for parole, for parole is a privilege, the lawful deprivation of which does not impinge upon any constitutional right. Singleton v. Looney, 10 Cir., 218 F.2d 526. See also Latham v. United States, 5 Cir., 259 F.2d 393.

The judgment of the trial court is therefore affirmed.