**George Joseph TROYAN, Petitioner,**

v.

**The UNITED STATES GOVERNMENT, the State of Ohio Bureau of Paroles, Respondents.**

**No. T–3559.**

United States District Court
D. Kansas.

Aug. 21, 1964.

———◆———

Arthur E. Palmer, (appointed), Topeka, Kan., for plaintiff.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan., for defendant.

TEMPLAR, District Judge.

On May 12, 1964 the petitioner filed a Motion-Application for Writ of Restrainment in which he contended the defendants should be restrained for the following reasons:

(1) That the State of Ohio, with consent and knowledge, turned him over to the United States Government for prosecution and therefore forfeited all future rights to custody of plaintiff;

(2) That an Ohio detainer has been illegally placed with the United States Penitentiary at Leavenworth, Kansas and that detainer is void and the Ohio State Board of Parole and the Government should be enjoined from taking any further action and specifically the petitioner requests an order stating that he cannot

be removed from the State of Kansas by means of parole, mandatory release, Governor's warrant, or by any other means by the State of Ohio, now or forever, and that any action by the State of Ohio along these lines of attempting to return him or that may lead to his return to the State of Ohio would be considered in law an attempt to kidnap petitioner by the State of Ohio.

After hearing on June 23, 1964 on the petitioner's contention, the Court granted the parties 30 days in which to file proposed findings of fact and conclusions of law. Now, the Court, after due examination of the file, makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

(1) In June, 1958, petitioner was sentenced by the State of Ohio to a period of from one to twenty years, and was paroled on July 6, 1961 for a term of one year.

(2) On April 26, 1962, petitioner was arrested in San Antonio, Texas, charged with being a fugitive from justice.

(3) On July 5, 1962, this plaintiff, George Joseph Troyan, a/k/a George Joseph Trojanowsky, was sentenced to ten years after his conviction on a plea of guilty in the United States District Court for the Western District of Texas for interstate transportation of forged securities.

(4) While serving this sentence in the United States Penitentiary at Leavenworth, Kansas, the State of Ohio filed a detainer requesting that the warden notify the proper Ohio authorities at least 60 days prior to his (Troyan's) release.

(5) The petitioner's motion and application shows that he is now in custody of the respondent United States under or by color of the authority of the respondent United States; petitioner does not attack the validity of his present detention.

### CONCLUSIONS OF LAW

 (1) The cause of action attempted to be alleged against the State of Ohio Board of Paroles is not one over which this Court has jurisdiction; this Court cannot compel officers of a sovereign state to withdraw and nullify said detainers filed with the federal penitentiary in Leavenworth. (Fink v. California, No. T–3365 H.C. (D.Kan., order entered August 9, 1963); and Brinkley v. Michigan, No. T–3623 (D.Kan., order entered August 20, 1964.))

 (2) A prisoner may not complain of the filing of a state detainer as an usurpation of federal jurisdiction over him, for the federal or state government may voluntarily surrender its prisoner to the other without the consent of the prisoner; and the question of jurisdiction and custody is purely one of comity between the sovereigns, not a personal right of the prisoner. (Carson v. Executive Director, Department of Parole, 292 F.2d 468, 1961, 10th Cir.; Sanders v. United States, No. T–3482 (D.Kan. order dated April 21, 1964.))

This Court is without authority to grant the petitioner the writ of restrainment or the other relief prayed for.

It is therefore ordered that the application be and is hereby dismissed.