**Buck MINGO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8174.**

United States Court of Appeals Tenth Circuit.

Aug. 13, 1965.

314

Edward J. Oswald, Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on brief), for appellee.

Before PHILLIPS, HILL and SETH, Circuit Judges.

PER CURIAM.

Mingo, hereinafter called petitioner, filed an application in the United States District Court for the District of Kansas for a writ which he designated "Writ of Restrainment." From an order denying the writ, he has appealed.

On February 24, 1960, petitioner was sentenced in a Colorado state court to two terms of imprisonment, to run consecutively. The sentences in part read:

"It is the order of this Court that Buck Mingo be released by the Sheriff of the City and County of Denver to the proper Federal au-

thorities for the purpose of serving any and all sentences imposed in the Federal Court.

"It is further ordered by the Court that Buck Mingo, upon completion of the above sentences be held for the Sheriff of the City and County of Denver and to be returned by the Sheriff of the City and County of Denver, to the Colorado State Penitentiary at Canon City, Colorado to commence serving sentences imposed in the Denver District Court against the said Buck Mingo on February 24, A.D. 1960."

Petitioner was released by state authorities to federal authorities and is now serving a federal sentence in the United States Penitentiary at Leavenworth, Kansas.

The State of Colorado has lodged a detainer against petitioner at such United States Penitentiary. In his application, petitioner prays that the provision of the state sentences that upon completion of the federal sentence he be returned to the state authorities for the purpose of serving the state sentences and the detainer filed with the federal authorities be declared null and void, and that the United States authorities be restrained from taking him into custody on completion of his federal sentences and returning him to the State of Colorado to serve the state sentences.

In Carson v. Executive Director, Department of Parole, 10 Cir., 292 F.2d 468, the court said:

"A prisoner may not, however, complain of the filing of a state detainer as a usurpation of federal jurisdiction over him, for 'either the federal or a state government may voluntarily surrender its prisoner to the other without the consent of the prisoner, and * * * the question of jurisdiction and custody is purely one of comity between the two sovereigns, not a personal right of the prisoner * * *.' Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 866. See

also Rosenthal v. Hunter, 10 Cir., 164 F.2d 949; Ramsey v. United States, 9 Cir., 248 F.2d 532. * * * "

It follows that the order appealed from was correct, and it is affirmed.