**Marvin J. OPHEIM, Appellant,**

v.

**J. T. WILLINGHAM, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 8760.**

United States Court of Appeals
Tenth Circuit.

Aug. 11, 1966.

Michael V. Makaroff, Aurora, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing, without an evidentiary hearing, Opheim's application for a writ of habeas corpus.

On June 12, 1964, Opheim was sentenced in the United States District Court for the District of Kansas to the custody of the Attorney General of the United States for a term of three years, such sentence to run concurrently with a sentence Opheim was then serving for a state offense in the Kansas State Penitentiary at Lansing, Kansas. Thereafter, and before the federal sentence had been fully served and expired, Opheim was placed on parole by the State of Kansas. He was thereupon taken into custody by federal authorities and delivered to the Warden of the United States Penitentiary at Leavenworth, Kansas.

In his application he sets up as grounds for relief that while he was on parole, he was in the custody of the State of Kansas; that the State of Kansas had no authority to release him to the custody of the federal authorities; and that the federal authorities had no right to take him into custody during the pendency of such parole. It is well settled that when a person has violated the criminal statutes of two different sovereigns, the question of jurisdiction and custody is one of comity between the two sovereigns and involves no personal right of the prisoner.[1]

When one sovereign voluntarily surrenders its prisoner to another sovereign, the latter acquires jurisdiction of such prisoner and such surrender cannot be challenged by the prisoner.[2]

Even if federal authorities took Opheim into custody while he was on parole from the State of Kansas, without the consent of the State of Kansas, the federal custody would not be unlawful and Opheim could not challenge such custody.[3]

Affirmed.

1. Mingo v. United States, 10 Cir., 350 F. 2d 313, 314.

2. Rosenthal v. Hunter, 10 Cir., 164 F.2d 949, 950; Mingo v. United States, supra;

Carson v. Executive Director, Department of Parole, 10 Cir., 292 F.2d 468.

3. Stewart v. United States, 10 Cir., 267 F. 2d 378, 381.