**UNITED STATES of America ex rel.
Ralph MASUCCI, Plaintiff,**

v.

**Harold W. FOLLETTE, Warden, Green
Haven Prison, Stormville, New York,
Russell G. Oswald, Chairman, New
York State Board of Parole; and Peter
Esperdy, Commissioner of Immigration
Service, Defendants.**

No. 67 Civ. 798.

United States District Court
S. D. New York.

Aug. 16, 1967.

Ralph Masucci, Acting for Himself and Without Counsel, Robert M. Morgenthau, U. S. Atty., for the U. S. of A., Francis J. Lyons, Sp. Asst. U. S. Atty., of counsel.

WYATT, District Judge.

This is a motion by defendant Esperdy to dismiss the action (a) under Fed.R. Civ.P. 12(b) (1) for lack of jurisdiction over the subject matter and (b) under Fed.R.Civ.P. 12 (b) (6) for failure to state a claim upon which relief can be granted.

Masucci, who commenced this action, is at Green Haven Prison at Stormville in Dutchess County in the custody of the penal authorities of New York. He is apparently now serving a sentence imposed by a State court in Queens County on conviction, after plea of guilty, of attempted robbery in third degree (Penal Law, McKinney's Consol.Laws, c. 40, §§ 260, 261, 2128, 2129). Masucci is acting for himself, without the assistance of counsel.

While the caption is framed as if this was a petition for a writ of habeas corpus, it appears that Masucci is attempting to prosecute a civil action. When the papers were first submitted, they were treated as a "complaint" in such an action and the order (by Judge Motley on February 24, 1967) allowing the filing in forma pauperis was on this basis and referred to the "complaint".

After the notice of this motion by defendant Esperdy had been served, Masucci served notice of a motion for an order "dismissing" the moving affidavit on Esperdy's motion. That procedure by Masucci was, of course, unnecessary and improper but the papers submitted by him are treated as opposing the motion of Esperdy and have been considered in opposition.

In opposing the motion, Masucci makes the highly technical point, among others, that the motion of defendant Esperdy was made after the time therefor had expired and when Esperdy, not having served an answer, was in default. This is the only point made by Masucci which can be sustained.

Esperdy is sued as "Commissioner of Immigration Service" which he is not, but he is District Director of the Immigration and Naturalization Service for the New York District, and as such is an "officer or agency of the United States" (Fed.R.Civ.P. 4(d) (5)). Service of the summons and complaint must be made upon him as prescribed in Fed.R.Civ.P. 4(d) (4) and (5). The return of the Marshal shows that service was so made on April 7, 1967. He therefore had 60 days within which to answer or move. Fed.R.Civ.P. 12(a) and (b). Notice of the motion of Esperdy was mailed to Masucci, according to the proof of service, on June 9, 1967, and service was complete at that time (Fed.R.Civ.P. 5(b)). But the 60 day period had expired on June 6, 1967, three days before. The motion of Esperdy cannot be granted, therefore, in the absence of an enlargement of his time after motion under Fed.R.Civ.P. 6(b) (2).

Masucci is proceeding, however, in forma pauperis and the statute which permits such a proceeding (28 U.S.C. § 1915) fully empowers the Court (in subsection (d) thereof) to "dismiss the case" of its own accord "if satisfied that the action is frivolous". See Stiltner v. Rhay, 322 F.2d 314, 317 (9th Cir. 1963),

cert. denied Stiltner v. Washington, 376 U.S. 920, 84 S.Ct. 678, 11 L.Ed.2d 615 (1964); Oughton v. United States, 310 F.2d 803 (10th Cir. 1962), cert. denied 373 U.S. 937, 83 S.Ct. 1542, 10 L.Ed.2d 693 (1963); Gift Stars, Inc. v. Alexander, 245 F.Supp. 697, 701–702 (S.D.N.Y. 1965).

From a study of the papers and records, I am satisfied that this action is frivolous and will order dismissal on that basis under 28 U.S.C. § 1915(d).

[4–7] From the records submitted in this action, from other records on file in this Court and in the Court of Appeals, and from published reports of Supreme Court decisions, it clearly appears that Masucci has conducted a steady stream of frivolous litigation in the federal courts, endlessly bombarding them with papers. These papers require great effort to understand and some cannot be understood, but after study their simple object is apparent, namely, to compel the deportation of Masucci to Cuba in priority to service of the sentence imposed by the New York Court. It is plainly impossible as a matter of fact and of law to accomplish such a result: (a) because Masucci was born in the United States and is thus a citizen not subject to deportation, (b) because under the deportation statutes (8 U.S.C. §§ 1251, 1254) the Attorney General has discretion whether to deport or not and cannot be compelled to deport (see Jay v. Boyd, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242 (1956)), (c) because in any event and assuming Masucci to be an alien, there is no power to compel New York to surrender custody of a prisoner for deportation and the applicable statute (8 U.S.C. § 1252(h)) specifically directs that an alien sentenced to imprisonment shall not be deported until the sentence has been served, and (d) because even if there were such power and were no such statute as cited, Masucci would have no standing to invoke the power (Carson v. Executive Director, etc., 292 F.2d 468 (10th Cir. 1961); In re Andrews, 236 F. 300 (D.C.Vt.1916)).

■ Masucci, born in this country, went to Cuba in 1959. He returned to this country in 1961 at which time he was admitted as a United States citizen (he may have been deported from Cuba).

On December 13, 1963, Masucci and two others were indicted by a grand jury in Queens County for robbery in the first degree (Penal Law, §§ 2124, 2125) and other offenses. On April 27, 1964, in the Supreme Court, Queens County, Masucci pleaded guilty to robbery in the third degree and on July 24, 1964 he was sentenced as a second felony offender to imprisonment for from 5 to 10 years. According to papers submitted by Masucci, this conviction was vacated on December 17, 1965 after which he pleaded guilty to attempted robbery in third degree and was sentenced to imprisonment as a second felony offender for from 2½ to 5 years.

In 1965, Masucci filed in this Court a petition for a writ of habeas corpus (65 Civ. 948). Among other things, he seems to have claimed that he ought to be deported, that federal deportation has priority over a state sentence, and that the state should turn him over to federal authorities for deportation. Judge Palmieri rejected these (and all other) claims by order, with memorandum opinion, filed June 11, 1965 denying the petition. An application by Masucci for a certificate of probable cause (28 U.S.C. § 2253) and for leave to appeal in forma pauperis (28 U.S.C. § 1915(a)) was denied by Judge Palmieri on June 29, 1965 and by our Court of Appeals on February 2, 1966. A petition for a writ of certiorari was denied by the Supreme Court on April 18, 1966, Masucci v. Immigration and Naturalization Service, 384 U. S. 911, 84 S.Ct. 1354, 16 L.Ed.2d 363. In this same action (65 Civ. 948) Masucci wrote to Judge Palmieri on August 3, 1966, raising a number of points; the letter was treated as a motion for reargument and was denied by order filed August 17, 1966. Thereafter Masucci applied to the Court of Appeals for assignment of counsel, leave to proceed in forma pauperis, etc. This application

was denied by order dated April 5, 1967. Presumably Masucci is engaging the Supreme Court with a further petition for writ of certiorari.

Another petition by Masucci for a writ of habeas corpus and raising substantially the same questions was presented to this Court in October 1966. By order filed October 24, 1966 this second petition was permitted to be filed in forma pauperis (66 Civ. 3517). The petition was denied by Judge Tyler by order, with memorandum opinion, filed January 9, 1967. The denial was because (1) Masucci was a citizen not subject to deportation, (2) he coudl not (under 8 U.S.C. § 1252(h)) be deported until his release from state confinement, (3) his claims had already been litigated, and (4) his claims were frivolous. Judge Tyler declared that the petitions were "an abuse of the remedy sought". Judge Tyler denied a certificate of probable cause (28 U.S.C. § 2253). An application for certificate of probable cause, assignment of counsel, etc. was denied by the Court of Appeals on June 27, 1967. Presumably Masucci is engaging the Supreme Court with a petition for writ of certiorari in this matter.

Meanwhile, Masucci shifted a part of his effort to the United States District Court for the Eastern District of New York, presenting to that Court a petition for a writ of habeas corpus on substantially the same grounds as in this Court. Evidently the opportunity to invoke the jurisdiction of the Eastern District Court arose when Masucci was brought back to Queens County in connection with his sentence in December 1965. (This was before 28 U.S.C. § 2241(d) as amended September 19, 1966.) Masucci quickly embraced the opportunity, naming Harrison, Warden of the Queens House of Detention, as a respondent to his petition. Judge Mishler denied the petition by order filed January 10, 1966 and thereafter refused a certificate of probable cause. Then Masucci applied to the Court of Appeals for leave to proceed in forma pauperis, etc., which application was denied by the Court of Appeals on August 17, 1966. A petition by Masucci to the Supreme Court for a writ of certiorari was denied on November 7, 1966, Masucci v. Harrision, 385 U.S. 942, 87 S.Ct. 312, 17 L.Ed.2d 221.

In another ring of his litigation circus, Masucci began an attack in October 1966 under 28 U.S.C. § 2255 on his conviction in 1950 in the United States District Court for the Eastern District of New York. That conviction was for passing counterfeit money and was the basis for sentencing Masucci in the state court as a second felony offender. After waiting sixteen years, Masucci claimed he was coerced into pleading guilty in the Eastern District in 1950 because of threats of the attorney for the government. After conducting a hearing on the facts, Judge Abruzzo rejected the claim. On appeal, an application for assignment of counsel was denied on June 1, 1967, by the Court of Appeals, and the appeal was dismissed on the Court's own motion. Presumably Masucci is engaging the Supreme Court with a petition for writ of certiorari in this matter.

Thereafter Masucci conducted litigation against the Immigration and Naturalization Service in the District of Columbia, described by the Solicitor General as "seeking to have the Service effect his deportation". That litigation was ended by denial by the Supreme Court of a petition for a writ of certiorari on October 10, 1966, Masucci v. Immigration and Naturalization Service, 385 U.S. 886, 87 S.Ct. 180, 17 L.Ed.2d 113.

It was after the repeated submission of the same frivolous claims that Masucci had the temerity to submit the papers in the present action. He escaped dismissal at the outset because, by accident or design, the papers for leave to proceed in forma pauperis were presented to a judge who had not passed on any of the prior matters.

In the case at bar, motions to dismiss the action against defendants Follette and Oswald were granted by me by order with memorandum opinion filed May 29, 1967. The dismissal was for failure to state a claim upon which relief can be granted.

Again taking into account that Masucci is indigent, without counsel and a prisoner, every effort has been made to try to understand his present action. Since the earlier decision by me, additional information has been obtained from study of the papers in the other litigation by Masucci. It is still doubtful if his papers here can be fully understood. Taken literally, he says he wants judicial review under the Administrative Procedure Act (5 U.S.C. §§ 1001 and following; the "Act") of "certain orders and regulations" of defendants Oswald and Esperdy, but there is no statement as to what "orders and regulations" are meant and no copies of them. In any event, the Act has no application to "orders and regulations" of a state official and it is obvious that Esperdy has made no "orders and regulations" affecting Masucci.

To the extent that the present action has meaning, it is simply a rehash of the same claims to deportation already litigated and found to have no merit. It is completely frivolous.

In the public interest some means must be found to prevent such situations as that here revealed, a scandalous and inintolerable exploitation of the easy accessibility of federal courts and the easy suability of public officials. The problem is more acute in districts such as this one where there are a number of judges and successive applications by the same person come before different judges. The time and energy of justices of the Supreme Court, of many judges of the Court of Appeals and of this Court, of law clerks and other staff assistants to justices and judges, and of state and federal government lawyers, have been devoted to reading the endless and extensive papers of Masucci which always turn out to be repetitious chaff. Far better that this time and energy be devoted to matters of substance.

Being satisfied that the action is frivolous, the Clerk is directed to enter judgment under 28 U.S.C. § 1915(d) dismissing the action on that ground as against defendant Esperdy.

This Court will not authorize an appeal in forma pauperis under 28 U.S.C. § 1915 (a) and certifies herewith that any appeal taken is not taken in good faith.

So ordered.