The State of Ohio, Appellee, *v.* Henry, Appellant.

(No. 253—Decided March 20, 1968.)

*Mr. John A. Epling*, prosecuting attorney, for appellee.
*Mr. William J. Henry, in propria persona.*

Gray, J.  This is an appeal from a judgment of the Common Pleas Court of Gallia County denying postconviction relief to defendant.

An affidavit was filed in the Municipal Court of Gallipolis, on June 24, 1964, charging defendant with breaking and entering a service station with intent to commit larceny. Defendant entered a plea of not guilty and was bound over, under bond, to the Court of Common Pleas of Gallia County.

Defendant was then delivered to the custody of the authorities of Erie County, Ohio, on a charge of breaking and entering. He was tried, found guilty and sentenced to the Ohio Penitentiary on the Erie County charge. Defendant was released from the Marion Correctional Institution

on August 3, 1967, and was then delivered to the authorities of Gallia County for trial on the above charges of breaking and entering and larceny.

On August 14, 1967, defendant was brought into open court and there, in the presence of the prosecuting attorney, his court-appointed attorney, and the trial judge, he waived in writing prosecution by indictment and also waived service of a copy of the information filed against him.

The journal entry filed August 18, 1967, shows that he pleaded guilty to the charge of burglary and also to the charge of larceny as set forth in the information filed in this cause.

On December 4, 1967, defendant filed motions for appointment of counsel, to vacate the sentence, and to grant defendant his parole. On the same date, he also filed a petition under the postconviction remedy statutes of Ohio ''to void his conviction and to vacate the sentence in this instant case.''

The burden of defendant's complaint is that he did not receive a speedy trial. The trial court, on December 11, 1967, filed its decision, wherein it made findings of fact and stated its conclusions of law. The transcript of the record of defendant's pleas of guilty was reproduced in full in the decision. Among other things, it shows that defendant was represented by counsel; that he understood the nature of the charges brought against him; that he had discussed his case with his counsel; that he understood that he could require that he be indicted by a grand jury before he could be prosecuted—all of which was explained to him by this attorney; that the penalty for each charge was explained to him; that he signed a waiver permitting the court to proceed by information; that he pleaded guilty to both charges; that both he and his attorney were inquired of to determine if they had anything further to say why sentence should not then be pronounced upon defendant; and that their answers were in the negative. Defendant, upon inquiry by the trial judge, indicated that he had a previous record. The trial court then sentenced defendant to confinement in the Ohio Penitentiary on both counts, both sentences to run concurrently.

The trial court journalized its judgment on December 18, 1967, and found that defendant was not denied a speedy trial.

On December 26, 1967, defendant filed his notice of appeal and thereby lodged this case in this court.

At the outset it should be noted that the alleged crime was committed on June 15, 1964, and the charge was filed in Municipal Court on June 24, 1964. After serving over three years in a penal institution defendant was brought back to Gallia County, and an information was filed against him on August 14, 1967. He was brought into court on that day, and, after the above proceedings took place, he pleaded guilty and was sentenced.

The Supreme Court of Ohio, in *Dowell* v. *Maxwell, Warden*, 174 Ohio St. 289, at pages 290 and 291, said:

"The validity of an accused's conviction is dependent on the jurisdiction of the trial court. The jurisdiction of the court is invoked by the return of a valid indictment and is not based on the process by which an accused is taken into custody or the findings made on the preliminary examination. Any defect or irregularity in either the arrest or preliminary examination does not affect the validity of the accused's conviction. *Brown* v. *Maxwell, Warden*, 174 Ohio St. 29; *Norton* v. *Green, Supt.*, 173 Ohio St. 531; and *Doughty* v. *Sacks, Warden*, 173 Ohio St. 407. Hence, the trial court had jurisdiction over the crime and of the person of the petitioner by the return of the indictment against him. There is no validity to petitioner's argument in this respect."

Section 2945.71, Revised Code, states in part:

"No person shall be detained in *jail* without a trial for a continuous period of more than two terms after his arrest and commitment on an indictment or information, or, if he was in *jail* at the time the indictment or information was found, more than two terms *after the term at which the indictment or information was presented.* * * *" (Emphasis added.)

It should be noted that that section uses the term, "jail," and not "penitentiary." Defendant was in the penitentiary and not in jail.

At this juncture we would like to make the observation that while defendant is serving time in the penitentiary he is paying his debt to society; however, when he is in jail he is merely being held for safekeeping by society until he can be tried for his alleged offense. Defendant's constitutional guaranty of a speedy trial is a guaranty only against arbitrary and oppressive delays.

Only when an indictment or information had been returned could defendant be brought back to Gallia County to be tried while incarcerated in Ohio Penitentiary.

Section 2941.40, Revised Code, states, in part, as follows:

"A convict in the penitentiary or a state reformatory, * * * against whom an indictment or information for felony is pending, may be removed to the county in which such conviction was had or such indictment or information was pending, for sentence or trial, * * *"

In *Cunningham* v. *Haskins, Supt.*, 3 Ohio St. 2d 86, the court said:

"* * * Furthermore, to constitute a denial of a speedy trial, petitioner must have made a request for trial. He cannot create this defense by nonaction on his part." See, also, *State* v. *Cunningham*, 171 Ohio St. 54.

From the record it appears that no request for a trial was made. When defendant appeared in open court on August 14, 1967, and pleaded guilty he did not raise the question of denial of a speedy trial.

It is stated by the Supreme Court in *Goman* v. *Maxwell, Warden*, 176 Ohio St. 236, 237:

"Thus, an accused either may lose such right by failing to demand it or may waive it by entering a plea of guilty to the charge. * * *"

It is well for us to determine what the federal courts have held under analogous circumstances. The problem has arisen where conflict of jurisdiction of federal and state courts has occurred.

In *Mingo* v. *United States*, 350 F. 2d 313, the United States Circuit Court of Appeals of the Tenth Circuit said, quoting from *Carson* v. *Executive Dir.*, 292 F. 2d 468, that:

"'* * * "either the federal or a state government may

voluntarily surrender its prisoner to the other without the consent of the prisoner, and * * * the question of jurisdiction and custody is purely one of comity between two sovereigns, not a personal right of the prisoner * * *'' * * * ' ''

See, also, *Wall* v. *Hudspeth, Warden*, 108 F. 2d 865; *Ramsey* v. *United States*, 248 F. 2d 532; *Carson* v. *Executive Dir.*, 292 F. 2d 468.

As epitomized by the United States Supreme Court in *Wilson* v. *Schnettler*, 365 U. S. 381, at 385:

''* * * an accused 'should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of another, unless the necessary operation of such machinery prevents his having a fair trial.' * * *''

Upon the record as presented to us defendant was not denied a speedy trial. His constitutional rights were not violated. His motion for an appointment of an attorney is denied. His petition does not show facts which entitle him to the relief he requested. See *Henderson* v. *State*, 11 Ohio App. 2d 1.

Defendant pleaded guilty. A transcript of the court proceedings at which such plea of guilty was entered is contained in the file. This transcript furnishes him all the information there is.

In any event, to be entitled to a transcript of the proceedings of his original trial at state expense, a defendant must either be within rule at the time the request is made or have had a motion for leave to appeal granted. *State, ex rel. Catlino,* v. *Clerk of Courts*, 9 Ohio St. 2d 101.

Inasmuch as defendant has no appeal pending, he, therefore, is not entitled to copies of the records furnished him at state expense. His motion for vacation of sentence is also denied, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

CARLISLE, P. J., and ABELE, J., concur.