**Billie Lue GREGORY, Petitioner,**

v.

**Ray H. PAGE, Warden of the Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.**

**Civ. No. 68–155.**

United States District Court
E. D. Oklahoma.

Aug. 16, 1968.

Billie Lue Gregory, pro se.

No appearance for respondents.

## ORDER DISMISSING COMPLAINT

DAUGHERTY, District Judge.

This is a proceeding by a federal prisoner to obtain injunctive relief under the Civil Rights Act, 42 U.S.C. § 1983, against the Warden of the Oklahoma State Penitentiary and the State of Oklahoma. Jurisdiction is asserted under 28 U.S.C. § 1343(a) (3) and leave to proceed in forma pauperis has been granted.

The Petitioner was serving an Oklahoma sentence when he escaped from the

Oklahoma authorities. He was apprehended by Missouri state authorities and turned over to Federal authorities for prosecution on federal charges. He is now serving a federal sentence arising out of such charges. The State of Oklahoma has placed a detainer warrant against him for his return to the State to serve the balance of his state sentence.

The substance of Petitioner's claim is that the detainer warrant lodged against him with the Record Clerk of the United States Penitentiary where he is presently confined deprives him of his constitutional rights in that the detainer places him "in a limited status unable to take advantage of the normal benefits allowed federal prisoners * * *", which include eligibility for parole, trusty status, etc.

Petitioner's argument in support of his Complaint proceeds on two grounds: (1) that the detainer warrant deprives him of his constitutional right to the usual benefits accruing to federal prisoners, and (2) that the State of Oklahoma impliedly waived jurisdiction of him by allowing the federal authorities to try and convict him. Petitioner cites no case for the first proposition.

The cases he cites for the second proposition do not support his contention.[1]

As to the first contention, this Circuit has held that there is no constitutional right to parole.[2] In addition, it appears that the federal courts are without power to order the "lifting" of a detainer warrant.[3] The State of Oklahoma, by filing a detainer warrant with the federal authorities has apparently impliedly consented to the federal custody of the prisoner.[4] However, the arrangements between sovereigns for Petitioner's custody, the laws of both having been violated by him, is not his concern.[5]

The Court is satisfied that this Complaint is completely without foundation in law because (1) the right asserted is not a constitutional right and therefore not within the contemplation of 42 U.S.C. § 1983, and (2) the Court lacks jurisdiction to grant the relief requested. The Court will therefore dismiss this action sua sponte under the authorization of 28 U.S.C. § 1915(d) as being a frivolous action, and pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure, for lack of jurisdiction.

Accordingly, Petitioner's Complaint is dismissed.

1. Federal cases cited are, United States ex rel. Moore v. Traeger, 44 F.2d 312 (Ninth Cir. 1930); Smith v. Swope, 91 F.2d 260 (Ninth Cir. 1937); Wall v. Hudspeth, 108 F.2d 865 (Tenth Cir. 1940); Stamphill v. Johnston, 136 F.2d 291 (Ninth Cir. 1943), cert. den. 320 U.S. 766, 64 S.Ct. 70, 88 L.Ed. 457; Hall v. Looney, 256 F.2d 59 (Tenth Cir. 1958). These cases were concerned with the application of the rule of comity between sovereigns which assert concurrent jurisdiction of a person and all hold that such rule of comity is not a personal right of the prisoner and may not be asserted by him.

2. Carson v. Executive Director, Department of Parole, 292 F.2d 468 (Tenth Cir. 1961).

3. Mingo v. United States, 350 F.2d 313 (Tenth Cir. 1965); Booker v. State of Arkansas, 380 F.2d 240 (Eighth Cir. 1967); Troyan v. United States Government, 240 F.Supp. 383 (D.C.Kan.1964); United States ex rel. Masucci v. Follette, 272 F.Supp. 563 (N.Y.1967).

4. Hall v. Looney, supra, note 1.

5. United States ex rel. Moore v. Traeger; Wall v. Hudspeth; Stamphill v. Johnston, supra, note 1; Mitchell v. Boen, 194 F.2d 405 (Tenth Cir. 1952); Carson v. Executive Director, Department of Parole, supra, note 2; Jones v. Taylor, 327 F.2d 493 (Tenth Cir. 1964); Mingo v. United States, Troyan v. United States Government, supra, note 3; Opheim v. Willingham, 364 F.2d 989 (Tenth Cir. 1966).