Joseph Maurice **McDONALD**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 25893.

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1968.

Raymond E. LaPorte, Ragano & La-Porte, Tampa, Fla., for appellant.

Edward F. Boardman, U. S. Atty., Richard A. Hirsch, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before WISDOM, GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM:

In August 1967, McDonald was a prisoner in the Massachusetts Correctional Institution, Walpole, Massachusetts. Under authority of a writ of habeas corpus ad prosequendum, McDonald was removed to the United States District Court for the Middle District of Florida. There he was arraigned on an indictment charging him with bank robbery. The United States Attorney made plans to return McDonald to Massachusetts pending his trial. McDonald filed a complaint alleging that the writ of habeas corpus ad prosequendum should be quashed and that Massachusetts had waived or forfeited its jurisdiction over him.

■■ There is no merit to McDonald's contention. Carbo v. United States, 1961, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 controls this case. There the Supreme Court held that the territorial limitation in 28 U.S.C. § 2241, providing that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions" was not applicable to a writ of habeas corpus ad prosequendum". The limitation applies to the Great Writ when it is used to challenge restraints on liberty. It does not apply to the ad prosequendum writ, which is used to remove a prisoner for prosecution in the proper jurisdiction and is "necessary as a tool for jurisdictional potency as well as administrative efficiency, extended to the entire country". 364 U.S. at 618, 81 S. Ct. at 342, 5 L.Ed.2d at 335.

■■ The prisoner has no standing to attack the operation of the writ of habeas corpus ad prosequendum or his return to the Massachusetts Correctional Institution. Whether a state should surrender a prisoner to the United States is a question of comity affecting the two governments. It involves no personal right of the prisoner. "One accused of crime * * * should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other." Ponzi v. Fessenden, 1921, 258 U.S. 254, 260, 42 S.Ct. 309, 310, 66 L.Ed. 607, 611. See also Opheim v. Willingham, 10 Cir. 1966, 364 F.2d 989; Mingo v. United States, 10 Cir. 1965, 350 F.2d 313; Williams v. Taylor, 10 Cir. 1964, 327 F.2d 322; United States ex rel. Moses v. Kipp, 7 Cir. 1956, 232 F.2d 147.

The judgment is

Affirmed.