**Claude Aaron PARKS, Petitioner,**

**v.**

**UNITED STATES of America,**
**Respondent.**

**No. 73–C–131.**

United States District Court,
N. D. Oklahoma,
Civil Division.

May 25, 1973.

Claude Aaron Parks, pro se.

Ben Baker, Asst. U. S. Atty., Tulsa, Okl., for respondent.

### ORDER

DAUGHERTY, Chief Judge.

The above Petitioner by a Motion under 28 U.S.C. § 2255 complains as follows:

(1) That the Federal Government lost jurisdiction over him regarding Criminal Case No. 71–CR–103 in this Court, in which he was convicted and received a four-year sentence, by surrendering him to the State of California, and,

(2) He has not been properly credited with jail time regarding Criminal Case No. 71–CR–103 in this Court.

Petitioner was arrested in Criminal Case No. 71–CR–103 in this Court on March 30, 1971 and released on bond on April 29, 1971. He apparently violated the terms of this bond by going to California without permission where he was arrested and charged with a crime against the laws of California. On or about September 22, 1971 by Writ of Habeas Corpus Ad Prosequendum Petitioner was borrowed by the Federal Government from the State of California for trial in said Criminal Case No. 71–CR–103 in this Court but Petitioner was returned to California on or about September 30, 1971 without being tried. On or about October 8, 1971 Petitioner was sentenced to one year in a State Court in California, ". . . to run concurrently with any federal sentence that may be now pending." No federal sentence was pending on October 8, 1971. On or about October 12, 1971 Petitioner was again borrowed by Writ of Habeas Corpus Ad Prosequendum from the State of California for trial in this Court in said Criminal Case No. 71–CR–103. On November 29, 1971 said Petitioner was tried in this Court, found guilty and sentenced to four years imprisonment. Petitioner was held here for a period of time to allow him to perfect an appeal from his conviction and sentence in this court. (Petitioner's conviction and sentence was affirmed in due course.) On or about January 3, 1972 Petitioner was returned to California from which state he was borrowed by the federal government. En route to California Petitioner was lodged overnight on January 1, 1972 at the United States Reformatory at El Reno, Oklahoma. On Februray 26, 1972, upon completing his California State sentence, Petitioner was delivered to the federal government on the four year sentence imposed by this Court.

■ In the above circumstances, the federal government has not lost jurisdiction of Petitioner regarding the conviction and sentence imposed in Criminal Case No. 71–CR–103 in this Court. Jones v. Taylor, 327 F.2d 493 (10 Cir.,

1964) is the one of a great number of cases that provides:

"When a person is convicted of independent crimes in state and federal courts, the question of jurisdiction and custody is one of comity between the two governments and not a personal right of the prisoner."

In Gregory v. Page, 289 F.Supp. 316 (E.D.Okl.1968) the Court said:

". . . the arrangements between sovereigns for Petitioner's custody, the laws of both having been violated by him, is not his concern." (citing numerous authorities)

California took custody of the Petitioner while he was free on bond from this Court. The federal government borrowed Petitioner from California for trial on the charge in this Court and upon conclusion thereof returned Petitioner to California which had first claim on him for whatever time he owed that state. When Petitioner finished his sentence in California he was delivered to the federal government in connection with the sentence imposed by this Court. The arrangements effected between the two sovereigns involved is not the concern of Petitioner. Therefore, Petitioner's claim that the federal government has lost jurisdiction of him under the record facts of this case is without merit.

As to Petitioner's second contention the same is likewise without merit.

18 U.S.C. § 3568 reads in part as follows:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed."

■ Petitioner has been properly credited with the thirty-one days he was

held in custody on the case in this Court. This thirty-one days is represented by the period between his arrest on March 30, 1971 and release on bond on April 29, 1971. Petitioner was not held in custody by the federal government in connection with the offense or acts charged in this Court for those periods of time he was borrowed from the State of California. Rather, during said periods of time he was in the custody of the State of California for the offense or acts committed in that state. Howard v. United States, 420 F.2d 478 (5 Cir., 1970). Petitioner's jail time credit allowed on his federal sentence of thirty-one days is the correct computation under the law.

As Petitioner's claims are without merit according to official records as a matter of law, the Court declines his request for the appointment of counsel on the basis of indigency.

By reason of the foregoing, Petitioner's action is dismissed this 25 day of May, 1973.