THE STATE OF OHIO, APPELLANT, *v.* WASHINGTON, APPELLEE.

(No. 50085 — Decided February 18, 1986.)

*John T. Corrigan,* prosecuting attorney, and *Johnny MacChandler,* for appellant.

*Elliott Kelley,* for appellee.

JACKSON, P.J. Appellee, Joe Washington, was arrested on September 29, 1984 by two Cleveland policemen responding to a report of "shots fired." A preliminary hearing was held in Cleveland Municipal Court on October 19, 1984; at the conclusion of that hearing, the court made a finding of probable cause and appellee was bound over to the court of common pleas for trial. See Crim. R. 5(B)(4). On November 28, 1984, the grand jury indicted appellee for carrying concealed weapons in violation of R.C. 2923.12. Appellee pleaded not guilty, and the case was set for trial in the common pleas court.

Appellee filed a pretrial brief on February 11, 1985 in which he argued that "the Cleveland Municipal Court erred in finding probable cause" and asked the common pleas court "[p]ursuant to Ohio Criminal Rule 29" to "direct a verdict of acquittal."

The court of common pleas reviewed the transcript of the municipal court proceeding, then conducted a voir dire

of witnesses. At the conclusion of the hearing, the court stated on the record:

"The Defendant is *not yet on trial. It has been asked that the concealment issue be determined by the court ahead of time in order to save time and to clarify, obviously, the most important issue of the case.*

"The court * * * [has been] called upon first to read the transcript of the preliminary hearing, and from the standpoint of this court * * * [I have come] to a conclusion that the defendant should not have been bound over to the grand jury on the basis of the testimony given by the officers at that hearing. Obviously * * * [the] municipal court judge felt differently and did bind him over." (Emphasis added.)

Resolving factual and legal issues in favor of appellee, the trial court ruled that there was no concealment. The court therefore dismissed the case.

The state appeals, see R.C. 2945.67, and presents two assignments of error for review by this court.

### I

"*Assignment of Error No. 1:* The trial court erred [in] holding a hearing on the issue of the element of 'concealment' which in substance usurped the authority of the grand jury and municipal court to determine the existence of probable cause [and] to requre [*sic*] the defendant to stand up to charges of violation of state law."

In order to clarify the issues, the characteristics of the proceeding in the common pleas court will first be examined.

Although in some respects the proceeding in the common pleas court re-sembled an appeal, it was clearly not an appeal because the court of common pleas has no appellate jurisdiction over municipal courts.

Similarly, despite the references to Crim. R. 29, the trial court could not grant relief under that rule, because a motion for acquittal is not a pretrial motion.[1]

Therefore, it is apparent that the common pleas court based its ruling on a perceived defect (or error) at the preliminary hearing in municipal court. The common pleas court determined that the evidence adduced at the preliminary hearing was not sufficient to justify a bindover for probable cause.

A finding of probable cause by the court conducting the preliminary hearing is not appealable. Crim. R. 5(B)(5).

Moreover, the general rule is that a subsequent indictment by the grand jury renders any defects in the preliminary hearing moot. *United States* v. *Walker* (C.A. 9, 1974), 491 F.2d 236, 238, certiorari denied (1974), 416 U.S. 990 ("Any alleged defects in the initial hearing were cured by the subsequent indictment."); *Commonwealth* v. *Gordon* (1978), 254 Pa. Super. 267, 272, 385 A.2d 1013, 1015 ("Likewise, once an indictment has been approved the preliminary proceedings are not subject to either direct or collateral attack because the defendant has been afforded an independent determination that a prima facie case exists.").

Ohio appears to be in accord with this general rule. See *Stebelton* v. *Haskins* (1964), 177 Ohio St. 52, 29 O.O. 2d 76, 201 N.E. 2d 884; *Clinger* v. *Maxwell* (1964), 175 Ohio St. 540, 26 O.O. 2d

---

[1] Crim. R. 29(A) provides:

"Motion for judgment of acquittal. The court on motion of a defendant or on its own motion, *after the evidence on either side is closed,* shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case." (Emphasis added.)

219, 196 N.E. 2d 771; *Dowell* v. *Maxwell* (1963), 174 Ohio St. 289, 290, 22 O.O. 2d 343, 189 N.E. 2d 95, 96 ("The jurisdiction of the court is invoked by the return of a valid indictment and is not based on the process by which an accused is taken into custody or the findings made on the preliminary examination."); *State* v. *Henry* (1968), 13 Ohio App. 2d 217, 42 O.O. 2d 379, 235 N.E. 2d 533; see, also, *State* v. *Bonarrigo* (1980), 62 Ohio St. 2d 7, 12, 16 O.O. 3d 4, 7, 402 N.E. 2d 530, 535.

Consequently, this court is convinced that it was reversible error for the court of common pleas to dismiss the case based upon its disagreement with the municipal court's finding of probable cause. The state's first assignment of error is sustained.

## II

"*Assignment of Error No. 2:* The trial court erred when it determined as a matter of law that there was no concealment. The court's determination is against the manifest weight of the evidence and contrary to law."

Because we have determined that this case must be reversed and remanded for trial, it would be improvident to address the state's second assignment of error. On remand, the existence *vel non* of concealment will be determined by the finder of fact, based on the evidence adduced at trial and subject to proper instructions on the applicable law.

Accordingly, the judgment of dismissal by the common pleas court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PRYATEL and PATTON, JJ., concur.