JOURNAL ENTRY and OPINION.
{¶ 1} Curtis Seldon has filed an application for reopening pursuant to App.R. 26(B). Seldon is attempting to reopen the appellate judgment that was rendered by this court in State v. Seldon, Cuyahoga App. Nos. 80129 and 80130, 2002-Ohio-5825, which affirmed his conviction for two counts of felonious assault with firearm specifications, repeat offender specifications, and police officer specifications, and two counts of having weapons while under disability. For the following reasons, we decline to reopen Seldon's appeal.
 {¶ 2} The doctrine of res judicata prevents this court from reopening Seldon's appeal. Errors of law that were either previously raised or could have been raised though an appeal my be barred from further review vis-a-vis the doctrine of res judicata. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
 {¶ 3} Herein, Seldon possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel upon appeal to the Supreme Court of Ohio. Seldon, however, failed to file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any reason why no such appeal was taken to the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6. In addition, Seldon has failed to demonstrate why the circumstances of this case render the application of the doctrine of res judicata unjust. Thus, we find that the doctrine of res judicata prevents this court from reopening Seldon's original appeal.
 {¶ 4} Notwithstanding the fact that the doctrine of res judicata prevents the reopening of Seldon's appeal, a substantive review of the brief in support of the application for reopening fails to demonstrate the existence of ineffective assistance of appellate counsel. Seldon's initial proposed assignment of error, in support of his application for reopening, is that:
"Appellate counsel was ineffective in failing to present to the appellate court the due process violation of the state of Ohio in (1) holding a probable cause hearing without the defendant being present, (2) holding a probable cause determination hearing presided over by a judge that signed probable cause determination "ten days" after the so-called hearing, was also the judge whom presided over the case as a misdeanor (sic) offense."
 {¶ 5} On December 18, 2000, Seldon was indicted by the Cuyahoga County Grand Jury in State v. Seldon, Cuyahoga County Court of Common Pleas Case No. CR-400192. On, February 20, 2001, Seldon was indicted by the Cuyahoga County Grand Jury in State v. Seldon, Cuyahoga County Court of Common Pleas Case No. CR-402333. A finding of probable cause by the trial court conducting the preliminary hearing is not appealable. See Crim.R. 5(B)(5). In addition, a subsequent indictment of the defendant by a grand jury renders any defects in the preliminary hearing moot. Statev. Washington (1986), 30 Ohio App.3d 98, 506 N.E.2d 1203; State v. Henry
(1968), 13 Ohio App.2d 217, 235 N.E.2d 533. See, also, State v.Bonarrigo (1980), 62 Ohio St.2d 7, 402 N.E.2d 530. Seldon's initial proposed assignment of error lacks merit.
 {¶ 6} Seldon's second proposed assignment of error is that:
"The state used a vague and ambiguous statute to toll the time in calculating the limitation of days for purposes of denying defendant's constitutional right to a speedy trial."
 {¶ 7} Seldon's second proposed assignment of error, which involves a claim of lack of speedy trial, was previously addressed upon appeal to this court and found to be without error. See Seldon's first assignment of error as raised in State v. Seldon, Cuyahoga App. No. 80129, 2002-Ohio-5825, at 4. Since the issue of speedy trial was previously raised and found to be without merit, the doctrine of res judicata prevents further review through Seldon's application for reopening. Statev. Dehler (1995), 73 Ohio St.3d 307, 652 N.E.2d 987; State v. Terrell
(1995), 72 Ohio St.3d 247, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, reopening disallowed (June 14, 1996), Motion No. 71793. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. Statev Dehler, supra; State v. Terrell, supra; State v. Smith, supra.
 {¶ 8} Seldon's third proposed assignment of error is that:
"The state of Ohio denied defendant-appellant his sixth amendment right to counsel (sic) violation of Ohio's criminal Rule 44(C).
Seldon's third proposed assignment of error lacks merit. A review of the transcript of Seldon's trial clearly demonstrates that Seldon was represented by counsel during all proceedings. In fact, this court held in the review of Seldon's direct appeal that:
"The record shows that the public defender participated in a significant portion of the trial: he examined witnesses and participated in side bar conferences, made frequent objections and gave closing argument."
State v. Seldon, supra, at 13.
 {¶ 9} Seldon has failed to demonstrate a violation of his Sixth Amendment right to counsel and thus we find that the third proposed assignment of error lacks merit.
 {¶ 10} Upon appeal to this court, appellate counsel is not required to argue assignments of error which are meritless. Jones v.Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987. Consideration of the three proposed assignments of error upon direct appeal would not have resulted in a reversal of Seldon's conviction for the offenses of felonious assault and having weapons while under disability. In fact, the issue of speedy trial was raised on direct appeal. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128;Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 209 N.E.2d 164.
 {¶ 11} Accordingly, Seldon's application for reopening is denied.
ANN DYKE, J., and COLLEEN CONWAY COONEY, J., CONCUR.