[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-90010
_____

WALTER LEROY MOODY, JR.,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

On Emergency Petition for Writ of Habeas Corpus
Pursuant to 28 U.S.C. § 2241
_____

(April 18, 2018)

Before WILSON, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Walter Leroy Moody, Jr. has filed an emergency petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.  Mr. Moody contends that he has been denied

due process as a result of the Attorney General's unbridled exercise of discretion in

waiving primary jurisdiction and allowing Alabama to maintain custody of him for the purpose of carrying out the death penalty for a state murder conviction. He relies upon Justice O'Connor's concurring opinion in *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 288–89 (1998) (O'Connor, J., concurring in part and concurring in the judgment). Mr. Moody filed this petition directly with our court and asks us, pursuant to Federal Rule of Appellate Procedure 2, to suspend the operation of Rule 22(a).

## I

Given that the scheduled execution is less than two days away, and that the United States has been able to respond to the emergency petition, we grant Mr. Moody's motion to suspend the operation of Rule 22(a), which would have required us to transfer the petition to the district court. Under Rule 2 we may suspend the provisions of an appellate rule to "expedite [our] decision" or "for good cause," and we conclude that this standard is met here. Rule 2 cannot, of course, be used to enlarge appellate jurisdiction, *see Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 315–17 (1988), but that is not a concern because § 2241(a) gives circuit judges the authority to grant writs of habeas corpus ("Writs of habeas corpus may be granted by . . . any circuit judge within [his or her] respective jurisdiction.").

The United States argues that Rule 22(a) was rewritten as a part of AEDPA so as to take away from circuit courts the latitude to entertain habeas petitions in the first instance, and reasons that habeas petitions filed in the circuit courts must be transferred to the district courts. The argument has some force, but the problem with it is that a number of appellate rules have mandatory language ("must" or "shall"), and Rule 2's text—which was not substantively modified in light of AEDPA—does not have an exception precluding the suspension of such rules.

## II

On the merits, we deny Mr. Moody's emergency petition. We assume the parties' familiarity with the case and given the press of time discuss only what is necessary to set out the bases for our decision.

## A

When a § 2241 habeas corpus petition is filed, the second paragraph of § 2243 provides that the "writ or order to show cause shall be directed to the person having custody of the person detained." The Supreme Court has explained that "there is generally only one proper respondent to a given prisoner's [§ 2241] habeas petition," and this is the person "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). The "default rule is that the proper respondent [in a § 2241 petition challenging physical custody] is the warden of the facility where the prisoner is held, not the

3

Attorney General or some other remote supervisory official." *Id.* at 435 (holding that the warden of the naval brig where the prisoner was detained, and not the Secretary of Defense, was the proper respondent in the prisoner's § 2241 action).

The circumstances here, however, are very unusual because Mr. Moody, though physically in state custody, is still a federal prisoner with sentences of life imprisonment to serve. In a sense, Mr. Moody is challenging his immediate physical custody because he is requesting that the Attorney General be ordered to take custody of him, or rescind any consent to have Alabama proceed, before his scheduled execution. But he is basing his request for relief on the conduct of the Attorney General, who does retain a measure of custody over him (by, for example, being able to decide whether to waive primary jurisdiction).

The default rule set forth in *Rumsfeld* is not absolute, *see generally* Brian Means, Postconviction Remedies § 12.4 (June 2017 update), and Mr. Moody remains under federal sentences of life imprisonment. Because the Attorney General, through the Bureau of Prisons, is his legal custodian insofar as those sentences are concerned, *see* 18 U.S.C. §§ 4001(b)(1), 3621(a), we conclude that he is a proper respondent under *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 499 (1973) (allowing prisoner detained in Alabama to seek § 2241 habeas relief in Kentucky to assert speedy trial claim against pending Kentucky indictment: "Here, for example, the petitioner is confined in Alabama, but his

4

dispute is with the Commonwealth of Kentucky, not the State of Alabama.  Under these circumstances, it would serve no useful purpose to . . . require that the [habeas] action be brought in Alabama.").

## B

Mr. Moody suggests that the Attorney General may have a conflict of interest due to his involvement in the state prosecution during his service as the Attorney General of Alabama.  As an initial matter, there is a decent argument that the United States decided 20 years ago, when it filed its detainer, that Alabama could keep custody of Mr. Moody.  *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980).  If that is so, then the decision by the current Attorney General to waive primary jurisdiction of Mr. Moody may be of little significance.  Even if that is not the case, it is not clear to us that the applicable regulations require that the Attorney General be disqualified due to a "personal or political relationship."  *See* 28 C.F.R. § 45.2(a)–(c); *In re Grand Jury Subpoena*, 873 F.2d 170, 174–76 (7th Cir. 1989).

Mr. Moody's current challenge attempts to circumvent, by couching the problem as one of lack of standards, numerous cases which hold that a prisoner in his position does not have a cognizable right to challenge the order in which he serves sentences imposed by different sovereigns.  *See, e.g., Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922); *McDonald v. United States*, 403 F.2d 37, 38 (5th Cir.

1968).    But some discretionary decisions by the Attorney General are presumptively not subject to judicial review.    *See, e.g., United States v. Ng*, 699 F.2d 63, 71 (2d Cir. 1983) (application of "Petite Policy" for dual or successive federal prosecution); *Walker v. Reno*, 925 F.Supp. 124, 133–35 (N.D.N.Y. 1995) (decision to seek the death penalty).

*Ponzi* acknowledged the discretion of the Attorney General to waive primary jurisdiction of a federal prisoner even in the absence of statutory authority, 258 U.S. at 263, so it seems to us that where, as here, there is a valid sentence imposed by a different sovereign, the exercise of executive discretion by the Attorney General in ceding primary jurisdiction should not be disturbed absent allegations of unconstitutional motive, as in the selective prosecution and substantial assistance contexts.    *See Wayte v. United States*, 470 U.S. 598, 608 (1985) (selective prosecution); *Wade v. United States*, 504 U.S. 181, 185–86 (1992) (substantial assistance).    *Accord Heckler v. Chaney*, 470 U.S. 821, 847 (1985) (Marshall, J., concurring in the judgment) ("If a plaintiff makes a sufficient threshold showing that a prosecutor's discretion has been exercised for impermissible reasons, judicial review is available.").    Mr. Moody does not claim that the Attorney General, in consenting to letting Alabama proceed, acted with any unconstitutional motive (i.e., on the basis of race, gender, religion, etc.).

**III**

6

For the foregoing reasons, we deny Mr. Moody's emergency § 2241 petition.

**EMERGENCY PETITION DENIED.**