## GUNTON v. SQUIER.
### No. 12614.

United States Court of Appeals
Ninth Circuit.
Nov. 17, 1950.

Edwin Andrew Gunton, in pro. per.

J. Charles Dennis, U. S. Atty., Guy A. B. Dovell, Asst. U. S. Atty., Tacoma, Wash., for appellee.

Before DENMAN, Chief Judge, POPE, Circuit Judge and CLARK, District Judge.

CLARK, District Judge.

The record shows that Petitioner was arrested and taken into custody by the State authorities; that he was held in the Los Angeles County jail because of the State arrest; that while he was being so held the United States Attorney applied for a writ of habeas corpus ad prosequendum requiring the Sheriff of Los Angeles County, having custody of petitioner in a pending State prosecution, to bring petitioner to the United States District Court

for trial, the application stating the petitioner was to be returned to the Sheriff's custody on determination of the trial and proceedings in the District Court. The writ was issued requiring appellant's production and his return to the Sheriff on the completion of the Federal proceedings. Under the terms of the writ he was brought to the United States District Court where he entered his plea of guilty to the charge of having transported a stolen motor vehicle from California to Arizona. He was sentenced by the United States District Court to serve two years in an institution to be designated by the Attorney General, and he was then returned to the Los Angeles County Sheriff. Thereafter he was taken before the State Court and sentenced to serve one year in the Los Angeles County jail on the State charge of issuing checks without sufficient funds. At the conclusion of the service of the term in the County jail he was delivered to the United States Marshal and by the United States Marshal, because of the judgment and commitment issued out of the United States District Court, taken to McNeil Island to serve the two year sentence.

The matter is before this Court on appeal from an order of dismissal entered by the lower Court.

Petitioner was in the custody of the State Court at the time he appeared in Federal Court; after his plea of guilty and sentence in the United States District Court he was returned to the custody of the State officers to await trial on the state charge,—he later pleaded guilty on the State charge and was sentenced to serve one year in the County jail.

It is the contention of the appellee that petitioner came into the custody of the United States Marshal, as such, only after the completion of his sentence on the State charge.

Petitioner contends that after sentence on the Federal charge, he was returned to the County jail at Los Angeles simply to await delivery to the Federal Institution, and that his federal sentence ran during the time he was held in the County jail, namely; one year, less time off for good behavior.

The record does not support this contention. He was not received at the Federal penitentiary nor was he placed in detention in the County jail to await transportation thereto, 18 U.S.C. § 709a [Revised 18 U.S.C.A. § 3568] for after sentence he was delivered back to the Sheriff and he remained in the County jail under the jurisdiction of the State Court awaiting disposal of the State proceedings; his Federal sentence could not start to run until he was delivered to and received by the United States Marshal at the place of detention to await transportation to the Federal penitentiary. This Court has so announced in the case of Hayden v. Warden United States Penitentiary, 124 F.2d 514. The rule is also well stated in a like case to the one now before this Court by the United States Court of Appeals, Zerbst v. McPike, 5 Cir., 97 F.2d 253.

It is a well recognized rule of law that a person who has violated the criminal statutes of both the Federal and State Government may not complain of the order in which he is tried or punished for such offenses. Each is a sentence unto itself, otherwise there would be no orderly procedure in handling cases of this kind between two sovereigns.

Affirmed.