### CARNEAL v. UNITED STATES.
### No. 6668.

United States Court of Appeals
Fourth Circuit.

Argued March 17, 1954.

Decided April 5, 1954.

Alexander W. Neal, Jr., Richmond, Va., and David Nelson Sutton, West Point, Va. (W. Gibson Harris, Richmond, Va., on brief), for appellant.

James R. Moore, Asst. U. S. Atty., Richmond, Va. (L. S. Parsons, Jr., Norfolk, Va., U. S. Attorney, on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal from the United States District Court for the Eastern District of Virginia which found appellant, William B. Carneal, guilty of income tax evasion for the years 1947 and 1948, in violation of Section 145(b), Internal Revenue Code, 26 U.S.C. § 145 (b).

Carneal was indicted under four counts of income tax evasion, one count for each of the years 1945 through 1948. The case was heard without a jury and it was found by the Court that the evidence for the years 1945 and 1946 was not sufficient to carry a conviction.

For the years 1947 and 1948, however, the Court found the evidence so strongly indicative of fraudulent intent to evade income taxes that appellant was found guilty on the counts for these two years. The single question before us is whether there is sufficient substantial evidence on the record as a whole to sustain the conviction. Jelaza v. United States, 4 Cir., 179 F.2d 202.

Carneal is a man sixty-six years of age, who, since 1928, has been an automobile dealer in Tappahannock, Vir-

ginia, trading as W. B. Carneal Chevrolet Sales. Until the year 1945, Carneal operated as a sole proprietorship, but, because of ill health in the latter part of that year, he decided to take in a former employee, William C. Beazley, as a partner.

Carneal had never had a formal set of books and used what, in his accountant's words, was a hybrid system. When making out his tax returns, which were prepared on the cash basis, it was his partice to go through his bank statements and run a total of his deposits during the year in his business bank account. From the total so arrived at, Carneal deducted certain amounts which he allegedly believed to be proper deductions and the resulting figure was entered as the gross receipts from his business on his income tax return.

In 1947, Chevrolet, because of the increase in size of Carneal's agency, requested him to file monthly reports of his operations on a standard General Motors form, supplied by the Regional Manager. While these forms were of a complicated nature and Carneal was required to hire a bookkeeper to prepare them, yet they clearly indicated the net profit for the agency for the years 1947 and 1948.

Carneal, however, professing complete ignorance of the content or substance of these reports, continued to use his hybrid system for determining his income for purposes of taxation. The discrepancies between partnership income, as clearly evidenced by the General Motors forms, and the incomes reported by Carneal and Beazley on their income tax returns were heavily relied upon by the Court below to establish the requisite intent to defraud.

For the year 1947 the General Motors books of the company showed a net profit exceeding $30,000. By the partnership contract Beazley was to receive $2,400 per annum and Carneal was to pay the income tax on the total income of the partnership. For that year, Beazley, relying upon the partnership contract provisions, reported $2,400 income for the year. Carneal reported $8,482.95 as taxable income for 1947.

Similarly, in 1948 the books of the partnership showed over $28,000 net profit, but Beazley reported $2,400 again while Carneal reported slightly in excess of $11,000. Had Carneal been intending to report only his half of partnership earnings for these two years, his figures still fell far short of the earnings reflected by the partnership books, of which Carneal could hardly have been completely oblivious.

While the above facts provided the strongest ground in the District Court for its finding of guilt as to Carneal, there are additional factors which lend support to this conviction. In both the years 1947 and 1948 Carneal made cash withdrawals from the business in excess of his reported net income. In 1947 he withdrew $9,891.70 while reporting $8,482.95, and in 1948 he withdrew $19,715.79 and reported income of only $12,464.38.

In pursuance of his hybrid method of determining income, appellant subtracted from his total business bank deposits all excise taxes on the automobiles sold before entering a figure for gross receipts on his income tax return. Appellant had been advised by his attorney that these deductions were improper and that excise taxes should be included in gross receipts, yet he continued to make these known illegal deductions in 1947 and 1948. Even if we assume this error to be an honest mistake, however, and allow Carneal the use of his unusual accounting methods, there are still substantial differences in each year, between reported incomes and the actual incomes, for which Carneal is unable to account.

One further factor militates against the position of appellant. In both the years 1947 and 1948 Carneal received, but failed to report, substantial extra-partnership income from the sale of capital assets.

■ This case comes to us under the rule that the evidence must be con-

sidered in the light most favorable to the Government and that we may reverse only if we can find that there was no substantial evidence, on the record as a whole, to support the verdict. Garland v. United States, 4 Cir., 182 F.2d 801, 802; Jelaza v. United States, 4 Cir., 179 F.2d 202, 205. In the light of all the facts, as enumerated, we cannot say that the conviction was without substantiation.

The judgment of the District Court is, accordingly, affirmed.

Affirmed.