**Thomas J. BULLOCK, III, Plaintiff-Appellant,**

v.

**STATE OF MISSISSIPPI, Joe Patterson, Attorney General, State Board of Parole, Defendants-Appellees, United States of America, Respondent-Appellee.**

**No. 26389.**

United States Court of Appeals Fifth Circuit.

Dec. 2, 1968.

Thomas J. Bullock, III, pro se.

Joe T. Patterson, Atty. Gen., Guy N. Rogers, Asst. Atty. Gen., Robert E. Hauberg, U. S. Atty., Jackson, Miss., H. M. Ray, U. S. Atty., J. Murray Akers, Asst. U. S. Atty., Oxford, Miss., for respondent.

Before THORNBERRY, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is from a district court order denying the petition of a Mississippi convict for release from a state detainer. We affirm.

Appellant, currently serving a sentence in federal prison for a Dyer Act violation, 18 U.S.C. § 2312, challenges the right of state authorities to regain custody of him upon expiration of the current sentence. At a time when he was under arrest by state officers for car theft and parole violation, he was transferred to federal custody, convicted in federal court, and sentenced to his present term. The State of Mississippi has placed a detainer on him to regain custody upon his release from federal prison. Appellant contends that Mississippi has waived its right to him by handing him over to federal authorities. There is no merit to this contention.

It is well established that where state authorities surrender a prisoner to the federal authorities for trial, sentence, and execution of sentence be-

fore he is to be returned to state custody, the prisoner has no standing to contest the agreement between the sovereigns as to the order of prosecution and execution of sentences; that is, he may not challenge either his original removal from state custody, or his return thereto after the completion of his federal sentence. See Derengowski v. U. S. Marshal, 8th Cir. 1967, 377 F.2d 223; Hall v. Looney, 10th Cir. 1958, 256 F.2d 59; United States ex rel. Moses v. Kipp, 7th Cir. 1956, 232 F.2d 147; Gunton v. Squier, 9th Cir. 1950, 185 F.2d 470; United States ex rel. Lombardo v. McDonnell, 7th Cir. 1946, 153 F.2d 919; Stamphill v. Johnston, 9th Cir. 1943, 136 F.2d 291, cert. denied, 320 U.S. 766, 64 S.Ct. 70, 88 L.Ed. 457. The State, by giving temporary custody to the federal authorities does so without a complete surrender of its prior jurisdiction over him. Hayward v. Looney, 10th Cir. 1957, 246 F.2d 56; Zerbst v. McPike, 5th Cir. 1938, 97 F.2d 253.

Affirmed.