Ben BROWN, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 54795.

Supreme Court of Missouri,
Division No. 1.

April 13, 1970.

Sale, Evans & Campbell, David L. Campbell, J. William Campbell, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Ben Brown appeals from an adverse ruling on his motion filed under Criminal Rule 27.26, V.A.M.R., to vacate and set aside a judgment and 12-year sentence for armed robbery. The ruling was made following an evidentiary hearing at which Brown was represented by court-appointed counsel. After this appeal was taken Brown's counsel was permitted to withdraw and present counsel was appointed to conduct this appeal.

Brown testified to the following facts at the 27.26 hearing: Arrested in St. Louis County on September 19, 1965 and charged with armed robbery, he was released on bond pending disposition of the charge. While at liberty on bail he was arrested by state authorities in Boone County, where he was charged with passing and uttering a forged United States money order. Before further proceedings on either of these charges the Sheriff of Boone County turned Brown over to federal authorities on a federal charge of passing and uttering the same forged money order. Brown pleaded guilty in the United States District Court for the Western District of Missouri and was sentenced by that court to 4 years' imprisonment. While awaiting transportation to a federal penitentiary Brown was brought before the St. Louis County Circuit Court in obedience to a writ of habeas corpus ad prosequendum issued from that court to answer the robbery charge pending there. Brown appeared in the circuit court in the custody of a United States marshal. He was represented by court-appointed counsel. He entered a plea of guilty and was sentenced to 12 years in the custody of the state department of corrections. The order and judgment of the state court recited that Brown "is presently in custody of the United States Attorney General" on the basis of the 4-year sentence and that "The Court recommends that said sentence be served concurrently with the sentence imposed by this Court in the above entitled cause. Defendant is remanded to the custody of the United States Marshal." The marshal removed Brown to the federal penitentiary at Leavenworth, Kansas. Approximately seven weeks later Brown was transferred to the Missouri State Penitentiary, where he has since remained.

The first question is whether the Circuit Court of St. Louis County lost jurisdiction when Brown was turned over to the federal authorities. Brown contends that the State of Missouri, acting through the Sheriff of Boone County, relinquished its custody of defendant to the federal authorities, thereby effecting a complete and unequivocal waiver by the state of any jurisdiction over Brown's person theretofore acquired and investing exclusive jurisdiction of his custody in the federal authorities; that the only officer of the United States who had authority to "lend" custody of Brown to the state under the principles of comity for the purpose of trial, conviction and sentence was the Attorney General of the United States, but that the record does not show that the Attorney General consented to lending cus-

tody of Brown by the federal government to the State of Missouri; that the state did not reacquire jurisdiction and therefore the circuit court had no power to subject Brown to its laws.

In the first place, as mentioned by the Attorney General, Brown has no standing to raise this question. "A prisoner has no standing to choose between two sovereignties each desiring his custody. He does not have a choice of keepers." United States ex rel. Spellman v. Murphy, 7 Cir., 217 F.2d 247, 251. Whether the state should voluntarily surrender a prisoner to the federal authorities to answer a federal charge or whether the federal government should voluntarily surrender a convicted prisoner to the state to answer a state charge, without the consent of the prisoner, are questions of jurisdiction and custody for the determination of the two sovereigns under reciprocal rules of comity, and do not involve a personal right of the prisoner. Wall v. Hudspeth, 10 Cir., 108 F.2d 865, 866; Carson v. Executive Director, Department of Parole, 10 Cir., 292 F.2d 468; McDonald v. United States, 5 Cir., 403 F.2d 37, and cases cited, l. c. 38; Ponzi v. Fessenden, 258 U.S. 254, 260, 42 S.Ct. 309, 310, 66 L.Ed. 607, 611. "It is well established that where state authorities surrender a prisoner to the federal authorities for trial, sentence, and execution of sentence before he is to be returned to state custody, the prisoner has no standing to contest the agreement between the sovereigns as to the order of prosecution and execution of sentences; that is, he may not challenge either his original removal from state custody, or his return thereto after the completion of his federal sentence. See Derengowski v. United States Marshal, 8th Cir. 1967, 377 F.2d 223; Hall v. Looney, 10th Cir. 1958, 256 F.2d 59; United States ex rel. Moses v. Kipp, 7th Cir. 1956, 232 F.2d 147; Gunton v. Squier, 9th Cir. 1950, 185 F.2d 470; United States ex rel. Lombardo v. McDonnell, 7th Cir. 1946, 153 F.2d 919; Stamphill v. Johnston, 9th Cir. 1943, 136 F.2d 291, cert. denied, 320 U.S. 766, 64 S.Ct. 70, 88 L.Ed. 457. The State, by giving temporary custody to the federal authorities does so without a complete surrender of its prior jurisdiction over him. Hayward v. Looney, 10th Cir. 1957, 246 F.2d 56; Zerbst v. McPike, 5th Cir. 1938, 97 F.2d 253." Bullock v. State of Mississippi, 5 Cir., 404 F.2d 75, 76. And see Jacobs v. Crouse, 10 Cir., 349 F.2d 857; Krupnick v. United States, 8 Cir., 286 F.2d 45.

On the merits (and it is on the merits that the parties have joined issue) there was no error. The State of Missouri, having first taken the subject-matter of Brown's criminal conduct into its control, originally had exclusive custody of and control over Brown, and could have exhausted its remedies against him to the exclusion of every other sovereignty. Jackson v. Kaiser, 353 Mo. 919, 185 S.W.2d 784, 786 [1]. On the other hand, in the exercise of the rule of comity, in order to accord the offender a speedy trial, expedite the administration of justice, and make use of available evidence which through lapse of time might otherwise be lost the state, through its representatives having the power to grant it, could temporarily waive its right to the exclusive jurisdiction of Brown and yield him up to the federal sovereignty for trial on the federal charge, without thereby completely surrendering the proper jurisdiction over Brown which the state had acquired. Jackson v. Kaiser, supra, 185 S.W.2d, l. c. 786 [2, 3]. Such a temporary waiver is consistent with the right of the state to resume custody thereafter. Montos v. Smith, 5 Cir., 406 F.2d 1243, 1245 [5]; Bullock v. State of Mississippi, supra, 404 F.2d, l. c. 76. See also Armpriester v. Grimes, 215 Ga. 429, 111 S.E.2d 34; Prather v. Commonwealth, Ky., 368 S.W.2d 175; Lunsford v. Hudspeth, 10 Cir., 126 F.2d 653; 22 C.J.S. Criminal Law § 145, p. 387.

In this case the state "lent" Brown to the federal authorities, who obtained not full and exclusive custody of Brown for the purpose of subjecting him to federal

criminal law, but a custody subject to the prior custody of the state. The state had not relinquished all custody and control, as shown by the issuance by the Circuit Court of St. Louis County of its writ of habeas corpus ad prosequendum for Brown's return to answer the state charge pending in that court. The federal authorities, in honoring the state writ, reciprocated in the exercise of the flexible rule of comity, yielding back the custody of Brown to allow the state prosecution to proceed. After the state court meted out the 12-year penalty the state again "lent" Brown to the federal authorities for service of the 4-year sentence with a recommendation that the federal authorities allow Brown's federal sentence to run concurrently with his state sentence. The federal authorities accepted the state's recommendation and returned him to the state penitentiary. The temporary waiver of the right of the state to exclusive jurisdiction of Brown did not constitute a complete surrender of the state's prior jurisdiction to try him on the robbery charge. Jackson v. Kaiser, supra, 185 S.W.2d, l. c. 787 [6]; authorities, supra.

■ Brown's insistence that only the Attorney General of the United States could lend Brown to the state authorities, and that there is nothing in the record to show that he consented thereto, is not well taken. This suggestion relates to formal requirements with which defendant has no proper concern and which he is without standing to raise. Even so, all of the evidence indicates that the two sovereignties were proceeding in full accord and agreement; and in his statement of facts in his appellate brief Brown admits that he was transferred to the state penitentiary "on orders from the United States Attorney General and in honoring the recommendation of the Circuit Court of St. Louis County" with respect to concurrency.

■ The second question is whether, if the circuit court had jurisdiction to take the plea and sentence, the state waived *execu-tion* of the sentence. Brown contends that his release to the federal authorities constituted a complete waiver by the state of its right to have the sentence executed, and that it was done contrary to § 546.610 RSMo 1959, V.A.M.S., which provides that when a person is convicted the sheriff shall "without delay" cause the convict to be transported to the penitentiary and delivered to the keeper thereof. Brown reasons that instead of transporting him to the state penitentiary without delay, as required by § 546.610, the court remanded him to the custody of the United States marshal, thereby waiving the state's right to start his state sentence after the satisfaction of his federal sentence. As we have seen the waiver was not complete but was temporary only and not exclusive. Under the express ruling of Jackson v. Kaiser, supra, 185 S.W.2d l. c. 787, 788 [7–9], where the state does not have exclusive custody of the prisoner on the date of sentencing § 546.610 does not require a holding that the state waived its right to start the prisoner's state sentence by releasing him to the federal authorities for satisfaction of his debt to the federal government. For a discussion of this and other instances in the law where interruption in the execution of sentence suspends but does not bar subsequent execution of the sentence see Weber v. Mosley, 241 Mo.App. 727, 242 S.W.2d 273, 278 [3–6].

■ The third question is whether Brown was denied effective assistance of counsel. His first complaint is that at the original hearing, when he pleaded guilty, his counsel failed to object to the jurisdiction of the circuit court. Since the question of jurisdiction can be raised at any time, and has been raised by this 27.26 motion, tried and found to be without merit, there was no basis for a challenge to the jurisdiction at the original hearing, and therefore there was no inadequate representation. Next he complains that he was not accorded an evidentiary hearing on all points presented in his 27.26 motion; that his counsel failed to prepare and present

detailed evidence with respect to the events to which he testified. He specifies ten different subjects upon which there was a failure to present detailed evidence. Without unnecessarily extending this opinion by a seriatim review of each of these ten subjects, it is sufficient to say that all but one relate to the question of waiver of jurisdiction, a question which Brown has no standing to raise. The one subject which he had standing to raise was failure to present facts with respect to the timeliness with which Brown was afforded post-conviction relief, but the facts with respect thereto were a matter of record of which the court could take judicial notice. The question of waiver of jurisdiction was sufficiently presented by the testimony of Brown to decide the issue, and the fact that in retrospect it may have been possible to elaborate on the essential facts shown does not require a finding that Brown was denied effective assistance of counsel.

The last question is whether Brown had a constitutional right to a personal copy of the transcript on appeal. Brown was allowed to take this appeal as a poor person and the trial court ordered the court reporter's fee for the transcript to be paid by the public. Appellant's counsel was provided with one copy of the transcript. Appellant, however, insists that he has a right to an additional copy of the transcript for his own personal use. Supreme Court Rule 27.26(k) provides that if the trial court in a proceeding under that rule finds that a prisoner desiring to appeal is an indigent person it shall furnish without cost "the" transcript of the proceeding for appellate review. Proceedings under Supreme Court Rule 27.26 are civil proceedings. State v. Smith, Mo. Sup., 324 S.W.2d 707. In appeals in civil cases a transcript is required to be filed in the appellate court and a copy is required to be filed in the office of the circuit clerk.

§ 512.110, RSMo 1959, V.A.M.S.; Supreme Court Rule 82.12(a).[1] Filing a copy of the transcript in the office of the circuit clerk, where it is open to inspection by the prisoner's counsel, or furnishing his counsel with a copy, is sufficient to enable an appellant to adequately prepare for review of his case. There is no requirement by statute, court rule, under the federal or state constitution, or as a matter of fair play, that a copy of the transcript on appeal be furnished to the prisoner personally in addition to the copy made available to the prisoner's counsel.

No error appearing, the judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J., and HENLEY, Alt. J., concur.

---

1. Section 485.100, RSMo 1959, V.A.M.S., as amended, requires that in *criminal* appeals the court reporter furnish three transcripts. Supreme Court Rule 28.08, pertaining to *criminal* cases, provides that the transcript on appeal shall be settled, prepared, served and filed in the manner provided in civil cases.