**STATE of Missouri, Respondent,**

v.

**John Harvey SPROUS, Appellant.**

**No. WD 35533.**

Missouri Court of Appeals,
Western District.

Dec. 18, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Jan. 29, 1985.

Application to Transfer Denied April 2, 1985.

C.J. Larkin, Jefferson City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen. (argued), Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

NUGENT, Judge.

Defendant was convicted of offering violence to a guard and was sentenced to eight years in prison. The case was transferred by the presiding judge of the circuit court of Moniteau County to a Moniteau County Associate circuit judge for trial pursuant to § 478.240. The defendant made no objection to this transfer at that time or at any time before this appeal.

Defendant raises only one point on appeal, that is that §§ 478.240 and 478.245, both of which authorize expansion of the subject matter jurisdiction of associate circuit courts, are unconstitutional because they are unlawful delegations of legislative power and they violate the constitutional prohibition against special or local laws. Defendant has moved in this court that the case be transferred to the Missouri Supreme Court. Mo. Const. Art. V, § II.

The state raises the issue in its brief that defendant failed properly to present this constitutional challenge at the earliest opportunity in the course of an orderly proceeding. *State v. Danforth*, 654 S.W.2d 912 (Mo.App.1983). In his reply brief defendant seeks to avoid this argument by pointing out that the issue he raises concerns the subject matter jurisdiction of the associate circuit court and that jurisdictional questions can be raised at anytime, even for the first time on appeal. *See Brown v. State*, 452 S.W.2d 176, 179–80 (Mo.1970).

We recognize the seeming conflict between the two principles discussed above. We have thoroughly addressed this issue in *State v. Danforth, supra*, at 925–26, and we refer the parties to that case for a full discussion of the point. We adhere to the position taken in the *Danforth* case that whenever the Missouri Supreme Court has addressed the timeliness question it has followed the rule set forth originally in *State v. Mackey*, 259 S.W. 430 (Mo.1924). Therefore, we hold that defendant's failure to raise this issue at the earliest opportunity was a concession of the validity of the statutes, and the point was not properly preserved. *State v. Byrne*, 503 S.W.2d 693 (Mo.1973) (en banc).

Accordingly, we deny the motion to transfer to the Supreme Court and affirm the judgment of the trial court for the reason that the defendant failed to present his constitutional challenge at the earliest opportunity and thus failed to preserve the point for appeal.

All concur.