934 F.2d 320
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Otis Leroy THOMPSON, Petitioner-Appellant,
v.
R.E. LEE, Attorney General of North Carolina, Respondents-Appellees.
 No. 90-7180.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 24, 1991.
Decided June 4, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Chief District Judge. (CA-90-248)
 Otis Leroy Thompson, appellant pro se.
 Clarence J. DelForge, III, Office of the Attorney General, Raleigh, N.C., for appellees.
 E.D.N.C.
 DISMISSED.
 Before DONALD RUSSELL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Otis Thompson, a North Carolina prisoner, claimed in his second federal habeas petition that the trial court failed to constitutionally determine Thompson's competence prior to permitting him to represent himself, that the evidence was insufficient to support his conviction, and that North Carolina lacked jurisdiction over him after a judgment and conviction against him in New York. The district court, adopting the report and recommendation of the magistrate judge, dismissed the sufficiency of the evidence claim on the merits. We agree that this claim is without merit for the reasons stated by the district court. Thompson v. Lee, CA-90-248 (E.D.N.C. Dec. 5, 1990).
 
 
 2
 The district court, again adopting the report and recommendation of the magistrate judge, dismissed the first and third claims stating that Thompson abused the writ under Rule 9(b) of the Rules Governing Sec. 2254 Cases in the United States District Courts because he failed to raise those claims in his first federal petition. This disposition presents the question, which we need not answer here, of whether the abuse of the writ provisions of Rule 9(b) are appropriately applied to claims in a second pro se federal petition where the first federal pro se petition (not containing the claims) was dismissed without prejudice for failure to exhaust state remedies.
 
 
 3
 Had these claims been considered on the merits, Thompson would not have been entitled to relief. His competence to represent himself was adequately examined. See United States v. West, 877 F.2d 281 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3526 (U.S.1990); United States v. Gallop, 838 F.2d 105 (4th Cir.), cert. denied, 487 U.S. 1211 (1988). His claim that North Carolina lacked jurisdiction over him because of his extradition to New York is similarly meritless. See U.S. Const. art. IV, Sec. 2; N.C.Gen.Stat. Sec. 15A-733; see also Bullock v. Mississippi, 404 F.2d 75 (5th Cir.1968).
 
 
 4
 Accordingly we deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 DISMISSED.