59 F.3d 168
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Henry James WRIGHT, a/k/a Shawn Denvers, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry James WRIGHT, a/k/a Shawn Denvers, Defendant-Appellant.
 Nos. 94-6410, 95-6123.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 21, 1995.
Decided: June 27, 1995.
 
 Henry James Wright, Appellant Pro Se. Gurney Wingate Grant, II, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, VA, for Appellee.
 Before WILKINSON, HAMILTON, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Henry James Wright, a federal prisoner, appeals the denial of his 28 U.S.C. Sec. 2255 (1988) motion (No. 95-6123), and the denial of his motion for reconsideration (No. 94-6410), as well as other motions challenging the legitimacy of his imprisonment. Because we find two counts of Wright's conviction to be multiplicitous, we affirm in part, vacate in part and remand to the district court for resentencing in No. 95-6123. We affirm the denial of reconsideration raised in No. 94-6410.
 
 
 2
 Wright was convicted on five counts of tax evasion, 26 U.S.C. Sec. 7201 (1988), 18 U.S.C. Sec. 2 (1988), three counts of white slave trafficking, 18 U.S.C. Sec. 2421 (1988) (the Mann Act), and one count of interstate transportation in aid of racketeering, 18 U.S.C. Sec. 1952 (1988) (the Travel Act). The district court sentenced Wright to sixteen years and four days of imprisonment with three years of the sentence suspended. Wright was given five years of probation, to be served after his release from federal custody. Wright was also ordered to pay half the cost of his prosecution.
 
 
 3
 Wright left prison on April 30, 1993, but failed to report to his probation office for supervision as required by the terms of his release. Because of this, the district court revoked Wright's probation, reimposed the time remaining on his original sentence, and reinstated ninety days of his three year suspended sentence. Wright is currently serving this time.
 
 
 4
 Wright sought relief in the district court from both his underlying conviction and the revocation of his probation. Initially, Wright brought a "Motion to Recind [sic] or Dismiss with Prejudice the Probation/Supervised Release Violation Case Petition and Warrant." Wright then moved, pursuant to 28 U.S.C. Sec. 2255 (1988), to vacate, set aside or correct his original sentence. After the district court revoked his probation, Wright submitted a motion designated a "Detailed Notice of Objections against [the district court order revoking probation] and, Motions for Reconsideration and/or Proportionated [sic] Arrest Judgment and Certify [sic] Questions to Court of Appeals." Wright also filed a "Pro Se Demand for Court Rulings on the Interrelated Sec. 2255 Motion to the Probation Supervised Release Matter," and a "Motion to Expedite Proceedings and Rulings on all [Wright]'s Pending Motions Before the District Court." Finally, Wright sought "to Compel the United States Marshal Service to Admit and Pay for [Wright]'s Hernia Surgery and Permanent Implant Oral Teeth Surgery in Community Hospital."
 
 
 5
 The district court entered an order denying Wright relief. Wright appealed. (No. 95-6123). He also moved for reconsideration; the motion was denied. Wright filed a timely notice of appeal of the final order denying his motion for reconsideration, "with other of [the district court judge's] orders priorily [sic] entered." (No. 94-6410).
 
 I. No. 95-6123
 
 6
 A. Section 2255 Motion.
 
 
 7
 Wright submits that the federal district court lacked jurisdiction to try him, because federal law enforcement officials wrenched him from the attached jurisdiction of a Maryland state court without the consent of Maryland, or of Wright himself. However, Wright cannot contest the sequence in which he is prosecuted for federal and state crimes. See Ponzi v. Fessenden, 258 U.S. 254, 260 (1922); Bullock v. Mississippi, 404 F.2d 75, 75-76 (5th Cir.1968); Gunton v. Squier, 185 F.2d 470, 471 (9th Cir.1950). His claim is without merit.
 
 
 8
 Although Wright seeks several forms of relief, many stem from an underlying claim that he was originally indicted, convicted and sentenced on multiplicitous counts, due to the ambiguity of the criminal statutes and the Government's improper prosecution of Wright for both greater and lesser-included offenses.
 
 
 9
 Wright insists that the Government improperly charged him with five separate counts of tax evasion. He also claims that the Government wrongfully charged him with three counts of white slave trafficking, because he transported three women across state lines for the purpose of engaging in prostitution. Wright's argument hinges on the statutory language of both the tax code and the Mann Act, which prohibit "any" violation of the laws. Wright avers that because "any" is ambiguous, and can mean "plural activity, not necessarily excluding any part," he can be properly charged with only one count of tax evasion and one count of white slave trafficking.
 
 
 10
 Under 26 U.S.C. Sec. 7201 (1988), the United States may prosecute for tax evasion "[a]ny person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof." Wright maintains that the statutory language "in any manner" comprehends the universe of evasive conduct by any individual, and, therefore, precludes his conviction on five separate counts based upon five years of tax filings. Wright's argument has been previously considered and rejected by this Court and others. See Carneal v. United States, 212 F.2d 20, 20 (4th Cir.1954); see also United States v. Smith, 335 F.2d 898, 901 (7th Cir.), cert. denied, 379 U.S. 989 (1965); Chanan Din Khan v. Barber, 147 F.Supp. 771, 774 (N.D. Ca.), aff'd, 253 F.2d 547 (9th Cir.), cert. denied, 357 U.S. 920 (1958).
 
 
 11
 Wright's challenge to his three count conviction for white slave trafficking, however, has merit. At the time of Wright's arrest and conviction, the Mann Act provided, "Whoever knowingly transports in interstate or foreign commerce ... any woman or girl for the purpose of prostitution ... shall be fined not more than $5,000 or imprisoned not more than five years, or both." 18 U.S.C. Sec. 2421 (amended by Pub.L. 99-628 Sec. 5(b)(1), Nov. 7, 1986).[1] Wright alleges that because he made only a "single interstate trip" transporting three women, he can be prosecuted for only a single violation of the Mann Act. The district court dismissed this argument, finding that the charges involved "three different women, thereby charging [Wright] with three separate crimes on which he could be separately convicted and sentenced."
 
 
 12
 The Supreme Court has specifically rejected the district court's position, holding that the transportation of "two women on the same trip and in the same vehicle" constitutes only one violation of 18 U.S.C. Sec. 2421. Bell v. United States, 349 U.S. 81, 82, 84 (1955). We conclude, therefore, that Wright's multiple conviction under the Mann Act was improper. See United States v. Luskin, 926 F.2d 372, 377 (4th Cir.1991).
 
 
 13
 The remedy for a multiplicitous conviction is to vacate and remand to the district court for resentencing. United States v. Wilson, 721 F.2d 967, 969, 971 (4th Cir.1983). Resentencing is particularly appropriate in the instant case, where Wright's sentences ran consecutively.
 
 
 14
 Wright objects further to his conviction under the Mann Act, because one of the women whom he transported to Baltimore, Mary Taylor, was a federal informant. Because Taylor did not intend to engage in prostitution, Wright asserts, the Mann Act count arising from Taylor's interstate travel must fail for want of a plaintiff or victim. Although Wright's argument is mooted by the fact that he may be charged with only one Mann Act violation, his position is unfounded, since it is Wright's purpose in bringing Taylor across state lines that is at issue under the Mann Act.
 
 
 15
 Wright next argues that white slave trafficking is merely a lesser included offense of interstate travel in aid of racketeering. Wright contends that he cannot legally be convicted and sentenced on both the greater Travel Act charge and the lesser included Mann Act offense. We disagree.
 
 
 16
 Cumulative punishment for a greater and lesser included offense is forbidden under the Double Jeopardy Clause. Brown v. Ohio, 432 U.S. 161, 169 (1977). However, the Supreme Court has approved convictions of multiple offenses based on the same act as long as each offense requires proof of a different element. Blockburger v. United States, 284 U.S. 299, 304 (1932). The inquiry into the required elements of proof for the two separate crimes focuses on the particular case at issue, not on the abstract possibilities of a given statute. See Whalen v. United States, 445 U.S. 684, 694-95 (1980).
 
 
 17
 The constitutional protection against double jeopardy does not proscribe prosecution under both the Travel Act and the Mann Act. In United States v. Barrington, 806 F.2d 529, 534 (5th Cir.1986), for example, the defendant was charged with a Travel Act offense based upon his own interstate travel, and with a Mann Act offense based upon interstate transportation of another person. Compare Barrington, 806 F.2d at 533-34 with Pandelli v. United States, 635 F.2d 533, 535-36, 539 (6th Cir.1980) (overturning on double jeopardy grounds a conviction on separate Travel Act and Mann Act counts, where the Travel Act count charged defendant with "caus[ing a woman] to travel in interstate commerce," rather than charging defendant with his own interstate travel); cf. United States v. Truglio, 731 F.2d 1123, 1132 (4th Cir.1984) (upholding conviction of driver under Travel Act but not under Sec. 2422 of the Mann Act, since no evidence was adduced that he "persuade[d], induce[d], entice[d], or coerce[d]" the women to travel, as Mann Act required).
 
 
 18
 Whether Wright's Mann Act and Travel Act convictions merge turns on whether he was charged under the Travel Act with his own interstate movement, as in Barrington, or with the transportation of the women, as in Pandelli. Both the indictment and the jury instructions submitted by the United States at trial charged Wright under the Travel Act with his own interstate movement in furtherance of prostitution. We hold that Wright's conviction under the Mann Act and Travel Act did not violate the Double Jeopardy Clause.
 
 
 19
 Wright's next objection to his sentence is that he was wrongfully assessed half the costs of his prosecution, without the court allocating these costs to any specific counts against him. He argues that the rule of lenity should apply to invalidate the imposition of costs, presumably because some of the counts on which he was tried were invalid and there is no way to know which counts were used to assign costs to him.[2]
 
 
 20
 As discussed above, Wright was convicted on five counts of tax evasion, under 26 U.S.C. Sec. 7201. The assessment of costs upon conviction is mandatory under the statute. See United States v. Jungels, 910 F.2d 1501, 1504 (7th Cir.1990); United States v. Palmer, 809 F.2d 1504, 1506 (11th Cir.1987); United States v. Fowler, 794 F.2d at 1449. Wright has offered no evidence, and does not claim, that he was assigned a greater share of the prosecution's costs than are attributable to the tax evasion counts. Accordingly, we uphold the assessment of costs by the district court.
 
 
 21
 Wright asserts that the Government wrongfully seized a briefcase containing personal property, which he had intended to sell in order to pay his income tax bill for 1983. He contends further that the United States has retained property far in excess of that needed to discharge his tax debt, and asks for a court-ordered return of this property.
 
 
 22
 Wright's suggestion that the United States seized his property in order to prevent him from paying his income tax bill, so that he would be subject to arrest, is baseless. Wright was charged not with failure to pay his income tax, but with hiding his assets, through such devices as the use of an alias, and through illusory conveyances to other parties. In fact, much of the property he now claims the Government illegally withheld from him, he originally denied owning, claiming it to be his wife's.
 
 
 23
 For Wright to recover unlawfully seized property, he must proceed under Fed.R.Crim.P. 41(e) in a separate action. The district court's failure to address Wright's claims in this area was not error, and shall be treated as a dismissal without prejudice as to these issues.
 
 
 24
 Wright maintains that the statute of limitations had lapsed as to any tax evasion related to the years 1971 to 1974. The statute of limitations for violations of 26 U.S.C. Sec. 7201 is six years. 26 U.S.C. Sec. 6531 (1988). Wright was indicted in 1985. The indictment clearly indicates that the evasive behavior for which Wright was charged and convicted occurred between 1980 and 1984. The 1985 indictment thus fell well within the six year limitations period. Wright offers no factual allegations rebutting the Government's chronology of events.
 
 
 25
 Wright alleges that the Internal Revenue Service stipulated that to an October 13, 1986, limitations deadline for the 1971 to 1974 tax counts, but that the second trial for these acts did not commence until November 4, 1986. Because the relevant date for purposes of 26 U.S.C. Sec. 6531 is the date of indictment, the prosecution was timely.
 
 
 26
 Wright asserts, incorrectly, that the United States is barred from prosecuting him for tax evasion because a Rhode Island grand jury previously declined to indict Wright on the same charges. A prior failure to indict does not preclude a later prosecution based upon the same conduct, because "a criminal trial does not commence for purposes of the Double Jeopardy Clause until the jury is empaneled and sworn." Gomez v. United States, 490 U.S. 858, 872-73 (1989) (citing Serfass v. United States, 420 U.S. 377, 388 (1975)).
 
 
 27
 Wright complains that he was without counsel at his preliminary hearing and at his arraignment. The record reflects that Wright was offered court-appointed counsel at the preliminary hearing, but that he rejected the representation, electing to proceed pro se. At his arraignment, Wright again chose to appear pro se, and the court ordered the attorney to remain in an advisory capacity to assist Wright in his defense.
 
 
 28
 Although a defendant is constitutionally entitled to counsel at every critical stage of a criminal prosecution, see Hamilton v. Alabama, 368 U.S. 52, 53-54 (1961), including a preliminary hearing, Coleman v. Alabama, 399 U.S. 1, 9-10 (1970), and an arraignment, Hamilton, 368 U.S. at 54 n. 4, a defendant may waive this right. Faretta v. California, 422 U.S. 806, 814 (1975). Wright's refusal to allow the court appointed attorney to represent him constituted a waiver. As an indigent defendant, Wright had no right to demand a different attorney, unless he could show good cause. United States v. Gallop, 838 F.2d 105, 108 (4th Cir.), cert. denied, 487 U.S. 1211 (1988). Wright cannot now object to his lack of legal representation during proceedings in which he was offered such representation, but declined.
 
 
 29
 Wright's allegation of ineffective assistance of counsel is a tautology, decrying his attorney's failure to assert the very issues raised in the motions now on appeal. Because we have discussed Wright's underlying arguments in full, we will not separately discuss the ineffective assistance claim.
 
 
 30
 B. Motion to Rescind or Dismiss Probation Violation Petition/Warrant.
 
 
 31
 Wright objects to his arrest for violating his probation. Undergirding Wright's argument is his belief, discussed above, that portions of the sentence for which he had previously been incarcerated were invalid. Wright insists that he constructively served his probation while illegally held in prison.
 
 
 32
 Even if Wright's entire sentence had been wrongful, he cannot unilaterally make the determination of his sentence's invalidity, and subsequently disobey his court-ordered probation. Wright had no more right to ignore the terms of his probation than he would have to escape from prison based on his own conclusion that he was wrongfully incarcerated. Self help is simply not a legal option for postconviction relief. Absent a prior judicial determination that Wright's sentence was improper, the warrant and arrest based upon Wright's probation violation were not illegal. Cf. Heck v. Humphrey, 62 U.S.L.W. 4594, 4598 (U.S.1994) ("a [28 U.S.C.] Sec. 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated").
 
 
 33
 In the alternative, Wright says that he was originally sentenced to unsupervised probation, and so was not required to report to a probation office. This argument is without merit. One of the general conditions of probation listed on Wright's "Judgment and Probation/Commitment Order" is that Wright "follow the probation officer's instructions and report as directed." On Wright's "Certificate of Mandatory Release," the first condition of release states, "You shall go to the district shown.... Within three days after your arrival, you shall report to your ... United States Probation Officer whose name appears on this Certificate."
 
 
 34
 Wright also notes that he was not provided with any money after his release from prison in Kentucky, and could not afford to travel to Virginia, as was required under the terms of his probation. Wright was apprehended in Detroit, Michigan, casting doubt on his claim that he lacked funds to travel. Furthermore, Wright failed to notify his probation office that he was unable to come to Virginia, as was required under the "Conditions of Release." Because Wright's allegations do not show error by the district court in revoking his probation, we affirm the revocation order.
 
 
 35
 C. Detailed Notice of Objections, and Motions for Reconsideration of Original Sentence.
 
 
 36
 The crux of Wright's notice of objections is his belief that his sentence was improperly enhanced when he was released on probation. Wright claims his unsupervised probation was illegally changed to supervised release by the probation office. He also objects to the imposition of half the costs of his original prosecution, which he believes was imposed by the trial judge under the Travel Act count, and then reiterated by the order revoking probation. As we have already considered and rejected these arguments, we conclude that the district court did not err in refusing Wright relief under this motion.
 
 
 37
 D. Motion to Compel.
 
 
 38
 Wright seeks an order compelling the United States Marshals Service to pay for his hernia surgery and for dental work. Wright maintains that he received the hernia while performing compulsory labor during prison work detail. At the time of his appeal, he had already undergone hernia surgery.
 
 
 39
 Wright's remedy for a work-related injury suffered while in prison is a claim under the federal prisoner workers compensation system, 18 U.S.C. Sec. 4126 (1988). United States v. Demko, 385 U.S. 149, 154 (1966). If Wright believes that his medical needs are being ignored, he may bring an action under the Eighth Amendment for deliberate indifference thereto. Cf. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens action must be brought against the responsible persons at the prison, not the United States. Radin v. United States, 699 F.2d 681, 685 (4th Cir.1983). The district court properly denied Wright relief in this matter.
 
 II. No. 94-6410
 
 40
 The denial of a motion for reconsideration that is served within ten days of the entry of the order appealed is reviewed for abuse of discretion. Fed.R.Civ.P. 59(e); see Temkin v. Frederick County Comm'rs, 945 F.2d 716 (4th Cir.), cert. denied, 60 U.S.L.W. 3578 (U.S.1992). Because Wright's motion was filed and denied before his first notice of appeal was docketed with this Court, the district court retained jurisdiction over the motion. See Williams v. McKenzie, 576 F.2d 566, 569-70 (4th Cir.1978). We find that the district court did not abuse its discretion in denying the motion for reconsideration, where Wright offered no new facts or legal arguments to support his motion. Accordingly we affirm.
 
 CONCLUSION
 
 41
 In No. 95-6123, we affirm the district court's order in part, vacate in part, and remand to the district court for resentencing in a manner consistent with this opinion. In No. 94-6410, we affirm the denial of Wright's motion for reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 42
 No. 94-6410--AFFIRMED.
 
 
 43
 No. 95-6123--AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 The 1986 amendments render the statute gender neutral, delete outdated language, and tie the intent requirement of the Act to any sexual activity deemed illegal by the laws of the State implicated by the defendant's actions. See H.R.Rep. No. 910, 99th Cong., 2d Sess., Sec. 5(b). There is no indication that the switch in language from "any woman or girl" to "any individual" was intended to change the result under Bell v. United States, 349 U.S. 81 (1955), as discussed in the text
 
 
 [2]
 Even if Wright's claim as to the fine is not cognizable under Sec. 2255, as the district court held, we may treat it as a motion to correct an illegal sentence under Fed.R.Crim.P. 35. See United States v. Fowler, 794 F.2d 1446, 1448 (9th Cir.) (citing Heflin v. United States, 358 U.S. 415, 418-19 (1959), overruled on other grounds, Peyton v. Rowe, 391 U.S. 54 (1968); United States v. Cevallos, 538 F.2d 1122, 1127 (5th Cir.1976)), cert. denied, 479 U.S. 1094 (1987). Because Wright's crimes were committed prior to November 1, 1987, the former Rule 35(a) applies to his case, and his motion was timely. This court reviews de novo the legality of the sentence. United States v. Sparrow, 673 F.2d 862, 864 (5th Cir.1982)