UNITED STATES COURT OF APPEALS
**Filed 9/27/96**
TENTH CIRCUIT

DWAYNE EDWARD RASMUSSEN, )
)
    Petitioner-Appellant, )
)
vs. )    No. 96-6176
) (CIV-96-217-T)
RON WARD, ) (W.D. Okla.)
)
    Respondent-Appellee. )

ORDER AND JUDGMENT[*]

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[**]

Petitioner Dwayne E. Rasmussen, appearing pro se and in forma pauperis, appeals

the district court's order dismissing his Petition for a Writ of Mandamus filed pursuant to

the All Writs Act, 28 U.S.C. § 1651(a). Petitioner stands convicted in both federal and

state court of separate criminal acts. He presently is incarcerated in the Oklahoma State

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P.34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

Penitentiary. Petitioner claims that because his federal court conviction preceded his state court conviction, he must serve his federal sentence in the federal penitentiary before he serves his state sentence in the state penitentiary. The district court construed Petitioner's claim as a request for a writ of habeas corpus under 28 U.S.C. § 2254 and dismissed it as successive under Rule 9(b) of the Rules Governing § 2254 Cases.[1] In the alternative, the district court noted that even if construed as a Petition for a Writ of Mandamus, Petitioner was not entitled to relief. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

We have reviewed Petitioner's brief, pleadings, and the entire record before us, and conclude the district court properly dismissed the Petition. Regardless of how we construe the Petition, Petitioner is not entitled to relief. The law is well established that a "person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." Gunton v. Squier, 185 F.2d 470 (9th Cir. 1950). Accord United States v. Hardesty, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc), cert. denied, 507 U.S. 978 (1993); Flick v.

---

[1] Rule 9(b) afforded the district court discretion to dismiss a successive petition raising the same grounds for relief as a prior petition: "A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits." (emphasis added). That rule, however, apparently has been altered by enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, § 106 which states in relevant part: "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." (to be codified at 28 U.S.C. § 2244(b)(1) (emphasis added)). Because the district court exercised its discretion to dismiss the Petition under Rule 9(b), the result would have been no different if the court had applied the new act.

Bevins, 887 F.2d 778, 781 (7th Cir. 1989), cert. denied, 495 U.S. 934 (1990); Causey v.

Civiletti, 621 F.2d 691, 694 (5th Cir. 1980).

AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge